### STANLEY *vs.* WEBB.

Under the general issue, in an action for a libel, the defendant may prove any thing in mitigation which does not tend to a justification, but which falls short of that.

Therefore, in an action for a libel, in charging the plaintiff with extorting money for the purpose of hushing up a complaint of a criminal nature, preferred by him, proof that the person accused did in fact make a complaint, before a magistrate, alleging that the plaintiff and another person had combined together to extort money from him by means of said criminal charge; and that the material facts alleged in the libel were on that occasion sworn to by the accused, in an affidavit made by him, is admissible, for the purpose of showing that the defendant's publication was not a falsehood wickedly and wantonly coined for the occasion, but that it had what seemed to be truth for its basis.

And though the jury regards such evidence as a justification, that is not a subject of review upon a bill of exceptions.

If the jury renders a verdict against the evidence, and contrary to the judge's instructions, exceptions cannot reach the case; for exceptions lie only to the rulings of the judge, not to the errors of the jury.

THIS was an action for a libel. Plea, the general issue. On the trial, the defendant by his counsel admitted the publication, and also that the defendant was, at the time of such publication, and still is, the proprietor of the New York Courier and Enquirer.

The plaintiff's counsel then read in evidence the libel, as follows:

"CITY INTELLIGENCE. *Extorting money to hush up a complaint.* Some days ago, a negro named James W. Phelps, was arrested on a complaint preferred by one George W. Stanley, that he had posted up handbills purporting that the steamer Manhattan would leave for Albany, fare fifty cents; whereby a large number of persons took passage on her, not discovering until it was too late to remedy the mischief, that the Manhattan was only going to Coxsackie. The negro was held to bail for the offense, and now comes forward and makes a complaint against George W. Stanley, who caused his arrest, and officer Lowndes, as follows: he makes affidavit that after arresting him, Stanley offered to let him go and not prosecute, if he would give his watch or 10 or 15 dollars to him, which he refused to

do, Stanley subsequently renewing the offer after he had arrived at the police office, and he again refusing. After he was put on bail, he swears that officer Lowndes came to him and offered, on consideration of receiving $50, to get him discharged, and he (Phelps) not having so much money, gave him all the cash he had, amounting to $22.05, and his note at 60 days for $25 more, which was accepted by Lowndes, who afterwards shared with Stanley, and the note is said to have been since seen in Lowndes' possession. Subsequent to this Stanley again called upon Phelps, and wanted him to pay more money to him, which he refused to do ; and finding that he had been cheated out of his money and would be held to answer the complaint preferred, he makes this charge. Officer Lowndes, we understand, produces a permission from the mayor, allowing him to receive $25 from Phelps for obtaining bail for him, but it is said to be dated subsequent to this transaction, and is intended doubtless to cover it up." The plaintiff here rested his case.

The defendant's counsel moved for a nonsuit, on the ground that the article complained of was not libelous, it not showing malice. The court overruled this motion, to which the defendant's counsel excepted. The counsel for the defendant then proposed to prove that Phelps, the negro, appeared before Justice Drinker at the time and in the manner stated in the alleged libelous publication, in the absence of the plaintiff, and made the complaint against the plaintiff therein mentioned. The counsel for the plaintiff objected to the testimony. The court overruled the objection, and permitted the testimony to be given ; to which decision of the court the counsel for the plaintiff excepted. The defendant thereupon proved by Justice Drinker, that after Phelps, the negro, had been held to bail, on the complaint of the plaintiff, he, Phelps, appeared before him and made a complaint against the plaintiff and officer Lowndes ; the substance of which complaint was contained in the affidavit of Phelps, which affidavit was offered in evidence by the counsel for the defendant. The counsel for the plaintiff objected to the defendant's being allowed to prove the making of said complaint by Phelps, and also objected to the defendant being allowed to read said affida-

vit or complaint made by said Phelps, each and all of which objections were overruled by the court, and the evidence admitted, but not as proof of the truth of the complaint made in the affidavit. To each and all of which decisions the counsel for the plaintiff excepted, and after such decision and exceptions the evidence aforesaid was received and allowed to go to the jury

The jury found a verdict for the defendant, and from the judgment entered thereon, the plaintiff appealed, and moved for a new trial, on exceptions.

*D. Evans*, for the plaintiff.

*A. C. Morris*, for the defendant.

*By the Court*, COWLES J. There was only one exception taken at the trial. The disposal of that disposes of the case. The action is for a libel; the plea the general issue, alone. There is no justification of the publication set up, and the only question is whether the defendant was properly allowed to prove that Phelps had entered the complaint against the plaintiff and Lowndes, and made the affidavit offered.

The evidence was admitted by the court in mitigation of damages alone; for the bill of exceptions states expressly that it was not admitted as proof of the truth of the complaint which Phelps had made before the magistrate.

The rule of law allowed the defendant to prove any thing under the general issue in mitigation which does not tend to a justification, but which falls short of that. (*Snyder* v. *Andrews*, 6 *Barb.* 43.) Such was the case here. The proceedings before the magistrate and the fact that the material charges contained in the publication had been sworn to by Phelps, did not justify or tend to justify the publication; for it did not, nor could it, tend to prove that the publication was true. But it did show—or at least so the jury might infer—that the defendant's publication was not a falsehood, wickedly and wantonly coined for the occasion, but that being based in a great degree upon a statement sworn to before a competent magistrate in a

Stanley *v.* Webb.

proceeding duly pending before him, had what seemed to be truth for its basis. If the defendant had published the libel under such circumstances, and with such materials for its basis, and under an honest belief in its truth, it would be absurd to measure out to him the same damages which would have been proper in case the publication had been wickedly and maliciously false. The testimony was therefore properly admitted, and the exception to its admissibility cannot be sustained.

But it is said that the jury treated it as a justification. Perhaps they did; but this is not clear, for it is not shown that this bill of exceptions contains all the testimony, and therefore there may have been sufficient testimony to have warranted the verdict, for aught that appears here. But even though they did in fact so regard it, that is not a subject of review here. This is a bill of exceptions, not a case; and no exception can be taken to a verdict. All that we can consider here, are the exceptions.

If the jury rendered a verdict against the evidence, and contrary to the judge's instructions, exceptions cannot reach the case; for exceptions lie only to the rulings of the judge, not to the errors of the jury. A verdict may be set aside as against the evidence or the weight of evidence, on a case made. We have here only to do with the exceptions. There is but one such in the case, and that is untenable.

The motion for a new trial must be denied with costs.

[New York General Term, November 5, 1855. *Mitchell, Clerke* and *Cowles,* Justices.]