## SUPREME COURT.

DEODATUS ROGERS and STEPHEN MARSHALL agt. JOSHUA G. BEARD, and others.

The general term of the supreme court, in reviewing a judgment rendered upon report of a referee, or upon a trial before a judge without a jury, acts purely as an appellate court, and a *case* containing the findings upon the law and fact, with the exceptions inserted therein in due form (§ 268), must be made in the precise shape required by the court of appeals.

The *report* of a referee, and the *exceptions* are necessarily separate instruments originally, but the case is to be *single*, and is to be made up as though the findings and exceptions were had on the trial of the cause, the exceptions in their proper order following the findings.   The case is not properly made, by inserting the evidence, the report of the referee and that to be followed by the exceptions.

Where the review is upon the *facts* alone, it is equally essential that the findings of the referee upon the facts be explicit and cover all the material facts in the case.

*General Term, Seventh District, September*, 1860.
*Present*, SMITH, JOHNSON and KNOX, *Justices.*

THE facts, &c., in this case will be found fully reported *ante page* 98.   It seems that the following opinion (which from a hasty glance, was supposed to be in another suit between the same parties,) should have taken the place of the one there published as the opinion of the general term, the latter probably being sent by mistake, as it appears to be the original draft, from which the following was written out.

O. H. PALMER, *for appellants.*
J. C. COCHRANE, *for plaintiffs.*

By the court, E. DARWIN SMITH, Justice.   In looking into this case with considerable care, with the view to decide it upon the merits, if it could be done without injustice to either party, I have come to the reluctant conclusion that no decision can properly be made upon it in its present

shape. It contains the evidence given before the referee, and his report, and a memorandum in the shape of an opinion, and exceptions filed after the report, without the proper findings upon the facts or the law. Section 272 of the Code directs that referees " must state the facts and the conclusions of law separately," and the court of appeals in repeated decisions construing this section, has held that the review of the judgment rendered upon the report of a referee or upon the trial before a judge without a jury can only be had upon a *case* containing the findings upon the law and fact, with the exceptions inserted therein in due form. (*Hunt* agt. *Bloomer*, 3 *Kernan*, 341; *S. C.*, 12 *How.*, 567; *Id.* 344; *and Id.*, 571; *Otis* agt. *Spencer*, 16 *N. Y. R.*, 610; *Westcott* agt. *Thompson*, *Id.*, 613.) The review .in this court of a judgment rendered upon the report of a referee or by a single judge, is made upon the same principles as in the court of appeals. The questions of law or of fact, can only be reviewed in this court upon exceptions, or upon a case containing exceptions as prescribed in section 268 of the Code. This court at general term, in reviewing this class of judgments, acts purely as an appellate court, and the case obviously should be presented to us for review in the *precise shape required by the court of appeals*. The rule of this court, (*rule* 32,) by requiring referees to state the facts found by them, and their conclusions of law separately in their final report, was designed to conform the practice of this court to that of the court of appeals, by providing the elements for the case at the time of the making of the report of the referee. The case to be made for a review in this court, should contain these findings in a proper form, with the exceptions taken thereto. The report of the referee and the exceptions are necessarily separate instruments originally, but the case is to be *single* and is to be made up as though the findings and exceptions were had on the trial of the cause, the exceptions in their proper order following the findings. The case is not pro-

perly made by inserting the evidence, the report of the referee, and that to be followed by the exceptions. This case is so made, and many cases are made by simply inserting copies of all the papers in the cause, with a statement of the evidence on the trial. This is not correct practice in such cases. It is true this court is entitled to review the judgment of a referee or of a single judge upon the *facts* as well as on the law; but ordinarily, we are called to review such decisions chiefly upon the law, and the findings upon the facts are either satisfactory to the parties, or are made upon such a conflict in regard to the facts, as to be generally held or regarded as conclusive. But when our review is upon the facts, it is equally essential that the findings of the referee upon the facts, be explicit and cover all the material facts in the case. Parties seeking to review the judgment of a referee, have a right to know the precise ground upon which an adverse decision is put, and it is very important to a proper review in such cases that the court also be fully advised by the findings of the referee upon the precise grounds of his decision. This is also essential to secure the public confidence to this mode of trying causes. This action is for work and labor. The defence is double, that the work and labor was done upon a special contract which was not performed, and also that defendants suffered damage from the non-fulfillment of the contract, which they claim to recoup. The referee finds that the work was done for a *price agreed* upon by the parties and finds for the plaintiff for such price generally, but does not find what the contract in fact was, or whether it was performed by the plaintiff, except inferentially, and does not find upon what ground the defence was overruled. The referee, I think should have found distinctly, what the contract between the parties was, if there was a special contract, and if there was no complete special contract, he should have found what contract should be implied from the acts and declarations of the parties, and then he should

have found whether the plaintiff performed such contract, and if he did not fully perform it, whether performance was accepted or waived, so as to entitle the plaintiff to recover the price, and whether there was or was not such a breach of the contract on the part of the plaintiff as to let in the defendant's recoupment. The case having been argued here without objection to the omissions of the referee to specify in his report his findings upon the law and facts, I was inclined to overlook the omission, and decide the case upon its merits, as presented in the evidence. But I do not think we are at liberty to do so, and think there is no other course compatible with equal justice to the parties and their rights in respect to a review of our decision in the court of appeals, but to send it back to the referee to amend his report. This the party might have asked for on motion. *Ingraham* agt. *Gilbert*, (21 *Barb.*, 151;) or if this be not done the court may so order of its own motion. (*Snook* agt. *Fries*, 19 *Barb.*, 314.) The case should be sent back to the referee for a further report, or to amend his report, with leave to the defendants to amend the case to conform to such amendments, and with appropriate allegations in respect thereto, with costs to abide the event.