# NEW YORK SUPERIOR COURT.

RICHARD H. TREACY agt. ISAAC T. HECKER and others.

*Reformation of contract claimed — or annulled for fraud.*

Where the plaintiff claims a reformation of the contract, and the evidence on his behalf clearly shows that he signed the contract in writing, with a full knowledge of all its particulars — that the contract in its contents was what he knew it to be, his application for a reformation will be denied.

Where the plaintiff claims that the contract should be set aside because fraud on the part of the defendants induced him to execute it, he must fail in his application, where it appears that he has acted upon the contract after the time he knew that defendants intended to hold him to the performance of its provisions.

Nor can it be sustained on the ground of fraud, by reason of certain alleged promises made in behalf of the defendants, before the execution of the contract, that the defendants would not hold the plaintiff to the performance of certain stipulations in the written contract. Because a person is conclusively bound to know the law, that oral promises are merged in a written contract made in reference to the same subject, and especially where both parties are on a level, with equal knowledge of the facts.

*Special Term, April,* 1876.

SEDGWICK, *J.* — The action, as tried at special term, involves primarily the rights in equity of the plaintiff to have the contract reformed, or for fraud annulled. It is unnecessary to consider whether, if relief were adjudged on either ground, the plaintiff would have had a right to recover the amount actually due, inasmuch as the conclusion is that the defendants must have judgment in their favor as to both of these claims.

Treacy agt. Hecker.

As to the claim for a reformation or modification, it is only necessary to say that the evidence of the plaintiff clearly shows that he signed the contract in writing, with a full knowledge of all its particulars. The contract, in its contents, is what he knew it to be.

As to the claim that the contract should be set aside because fraud on the part of the defendants induced the plaintiff to execute it, the plaintiff is not entitled to relief, both upon consideration of the rules of law to be applied and upon the facts.

He has acted upon the written contract after the time he knew that defendants intended to hold him to the performance of its provisions. He received notice on or about February 1, 1875, that the defendants took the position that the written contract was the only contract. After that he proceeded, without giving notice that he was not bound by the written contract, with work described in it, for several months. While he was continuing the work he assigned to a third party, as a security for a loan of money, the written contract, without reservation or limitation, and afterward took a reassignment of it in order to bring this action. Having thus treated this contract, the law forbids that he should now claim that it is void for fraud.

Again, the fraud alleged in the complaint consisted, at the best for plaintiff, of certain promises made in behalf of defendants (before the execution of the contract), that the defendants would not hold the plaintiff to the performance of certain stipulations in the written contract. Where parties are on a level, with equal knowledge of the facts, there being no surprise and no advantage taken of ignorance or of want of intelligence, fraud, in cases like the present, arises from a fraudulent assertion of the existence, *in presenti*, of a fact. A person is conclusively bound to know the law, that oral promises are merged in a written contract made in reference to the same subject. It is not legal fraud, then, that a person does not intend to keep a promise that by law he is not bound

Treacy agt. Hecker.

to keep, but intends to insist upon the performance of what, by the policy and rules of law, is the only binding contract. This policy and these rules rest in part upon the great superiority in the kind of evidence as to what the contract is, of a written statement of the agreement over a verbal arrangement, and the result is to take away all influences, conscious and unconscious, upon an effort to recall words. On the rule of law stated in *Fisher* agt. *New York Common Pleas* (18 *W.*, 608), the plaintiff is not entitled to relief on the ground of fraud. That case was cited as authority in *Farrington* agt. *Bullard* (40 *Barb.*, 516). The evidence given by plaintiff, that the agent of the defendants appealed to him to say if he believed that his friend would do him wrong, if taken as testified to, is not a circumstance to show that the parties were not on equal terms, or that the plaintiff was taken advantage of in any way. There is nothing in the case to show that the plaintiff had not given an independent and voluntary assent to any relations that existed between them, if there were such relations.

But, as a result of the evidence, the allegations of the complaint as to the fraud are not sustained. First. The probabilities are much against the defendants being willing to risk their important interests to a written contract as to which they had given the notice, in substance — as supposed by the plaintiff's case — that they did not mean to hold the plaintiff. Second. As a matter of evidence, the mere existence of the written contract is of great strength that nothing was agreed to at variance with it; while it was very natural, and is very probable, that there was such difference between the parties, expressed more or less resolutely before the execution of the contract, as to form the foundation of the plaintiff's present recollection. But, third. The view of the plaintiff as to the substance and effect of the written contract is incorrect, while it shows his knowledge of its contents. It is reasonable to infer that the same mind makes a like mistake as to the substance and effect of words that have not kept their form in

Treacy agt. Hecker.

his memory, but have undergone changes that under the pressure of interest have, unconsciously to him, departed very far from the actual facts.   Fourth. Conceding to the plaintiff an equality in the weight of the testimony, as between the parties, offered to each other, in the contract and the contest concerning it, the testimony of the architect, O'Rourke, throws the weight in favor of the defendants.   Fifth. If the defendants are right, it may still be that the plaintiff and his witnesses are only mistaken.   If the plaintiff is right, it must be determined that the defendants were guilty of fraud.   Therefore, the finding of fact will contain findings that the representations alleged in the twelfth and thirteenth subdivisions of the complaint were not made, and that plaintiff did not execute the contract in reliance upon these representations, as stated in the fourteenth subdivision as well as in the eighteenth subdivision.

The judgment will be interlocutory in favor of the defendants ; that the plaintiff is not entitled to have the contract modified or reformed or to have it annulled for fraud, and that the other issues of the action (if the plaintiff elect to proceed herein) be tried by jury.