# N. Y. SUPERIOR COURT.

MARY F. WEYMAN agt. THE NATIONAL BROADWAY BANK and
MARY JENKINS.

*Trials without a jury — Decision of court upon the trial of whole issue of
fact — What decision must do in order to authorize entry of judgment upon
it — Code of Civil Procedure, section* 1022.

A judge has no authority, on a written opinion delivered by a deceased
judge, omitting to state separately the facts found and the conclusions
of law, and not directing judgment to be entered thereupon, and which
does not indicate the party to whom costs are awarded, to direct the
entry of judgment upon it.

*Special Term, August,* 1880.

MOTION that the opinion of the late chief judge CURTIS,
filed June 7, 1880, may stand as the findings of fact and con-
clusions of law, and that judgment be entered thereon.

*John B. Whiting,* for the motion.

*John V. B. Lewis,* opposed.

RUSSELL, *J.*— This action was tried before the late chief
justice CURTIS, without a jury, on the 15th day of March,
1880. On the seventh day of June, judge CURTIS handed
down an opinion, in which, after reciting the history of the
controversy and discussing the law applicable to the questions
at issue, he says: " The plaintiff is entitled to a judgment for
the value of the property claimed. The evidence varies very
much as to the value of this property. Giving it such con-
sideration as I have been able to, from the proofs submitted,
I find the value of the furniture claimed by the plaintiff, and
disposed of by the bank, to be $750."
On the back of the opinion, in the handwriting of judge

CURTIS, are the words, "Judgment for the plaintiff; findings to be submitted on five days' notice. Opinion. W. E. C."

The proposed findings were prepared by counsel for the respective parties and were submitted on the nineteenth day of June; but before they were settled the lamented death of judge CURTIS occurred.

It is evident from these facts that at the time neither judge CURTIS nor the counsel regarded the opinion handed down as constituting such a decision of the court as is required by section 1022 of the Code.

While it is possible from that opinion to ascertain what, in general, were judge CURTIS' views upon the facts and the law of the case, the opinion does not state separately the facts found and the conclusions of law. It does not direct judgment to be entered thereupon, and does not indicate the party to whom costs are awarded. All these things a decision must do in order to authorize the entry of judgment upon it (*sec.* 1022 *of the Code*).

In *Thomas* agt. *Tanner* (14 *How. Pr.*, 426) it was expressly held that a judgment could not be entered on an opinion, but only on a decision as such (*and see Putnam* agt. *Crombie*, 34 *Barb.*, 232; *Mills* agt. *Thursby*, 12 *How. Pr.*, 113; *Van Slieck* agt. *Hyatt*, 46 *N. Y.*, 262; *Rogers* agt. *Beard*, 20 *How. Pr.*, 282; *Chamberlain* agt. *Dempsey*, 9 *Bosw.*, 212; *Loeschigk* agt. *Addison*, 3 *Robt.*, 331).

The question now arises whether this court has power to give to that opinion a character and force — judge CURTIS being dead — which it did not have when he was alive. Considering that the case was fully tried before judge CURTIS, and that after mature deliberation he found for the plaintiff, it is certainly unfortunate if judgment cannot now be entered in accordance with the conclusions to which he came.

It is a hardship to put the plaintiff to the delay, the expense and the worry of a second trial, if the court has power to relieve her from them. But while there are many provisions of law permitting proceedings begun before one officer to be

continued, in case of his death or removal, before another, they are proceedings where the thing remaining to be done is either ministerial in character or a matter of course following what has already been done, and requiring the exercise of no judicial judgment.

No authority is shown by counsel, nor have I found any, to do what is here requested. The matter of decisions and entry of judgment is regulated by statute.

·If the opinion could be regarded as a decision satisfying the requirements of section 1022,·judgment could have been entered upon it, not only without this motion, but without the findings which were submitted. It wants not an order of the Court to make a decision, and to authorize the entry of judgment thereon (*section* 1028 *of the Code*). On the other hand, the order of this court cannot make that a decision which in fact is not one.

The plaintiff's motion is therefore denied, with costs, on the ground of want of power.