Rollin, S.
Vernon K. Stevenson, now deceased, was in his lifetime administrator of this estate. An accounting proceeding, instituted by him as such administrator, was pending in this court at the time of his death. In December, 1883, the surrogate, by a written memorandum for counsel, announced the conclusions he had reached in regard to certain exceptions that had been taken to the report of a referee to whom the account and the objections thereto had been submitted.
As to one of the matters in controversy, leave was given *65 the accounting party to offer additional evidence. Such evidence was afterward, and in Mr. Stevenson’s lifetime introduced ; but the issue upon which it bears has not been passed upon by the surrogate, and no decree has been entered settling in whole or in part the administrator’s account. The petitioners, who are children of the decedent Smith, now pray that the accounting proceeding be revived and continued against the widow of Mr. Stevenson, who has lately been appointed his administratrix.
It is admitted that prior to the reeent amendment of section 2606 of the Code of Civil Procedure (see chap. 399, Laws of 1884) the surrogate had no jurisdiction to cite A. as executor or administrator of B. to account for B.’s dealings as executor or administrator of C. with C.’s estate, except for such assets of C. as had come into A.’s possession (Dakin agt. Deming, 6 Paige, 95; Montross agt. Wheeler, 4 Lans., 99; Farnsworth agt. Oliphant, 19 Barb., 30; Le Count agt. Le Count, 1 Demarest, 29; Bunnell agt. Ranney, 2 Demarest, 327).
But by section 2606, as it now reads, the surrogate can require an accounting from a representative of a deceased executor or administrator, just as he might require it from the deceased executor or administrator himself after the revocation of his letters. There is no doubt, therefore, that in a new proceeding this administratrix can be directed to render a full account of her husband’s management of decedent’s estate. I am convinced, however, that the proceeding which has abated by Mr. Stevenson’s death cannot be revived.
In Leavy agt. Gardner the special term of the court of common pleas permitted an action to foreclose a mechanic’s lien to be continued after the death of the defendant against the defendant’s executor. Its action was reversed at general term, and the reversal affirmed by the court of appeals (63 N. Y., 624), upon the ground that the proceeding thus allowed to be continued was not an action, within the meaning of the Code, *66 but was a special proceeding to which the Code provisions respecting the revival of actions had no application.
I am unable to find any reason for upholding in the case at bar the contention of this petitioner’s counsel that might not in the case of Leavy agt. Gardner have been urged with equal or greater pertinency in behalf of the plaintiff Leavy. 'Section 755, which provides that actions shall not abate if -the cause of action survives, does notiapply to surrogates’ courts, but section 765 is expressly made applicable thereto by ■subdivision 6 of section 3347. This section (765) forms part -of title 4 of chapter 8 (the title that treats “ proceedings upon the death of a party ”), and declares that nothing in the title 'contained shall authorize the entry of a judgment against a party who dies before a verdict, report or decision is actually rendered against him, but that in such case the verdict, report -or decision is absolutely void.
No “decision,” within the meaning of that word in the •section just quoted, has been rendered as to any of the matters •at issue in the accounting proceeding (Adams agt. Nellis, 59 How. Pr., 385; Weyman agt. Bank, 59 How. Pr., 331), therefore no decree can ever be entered.