(7 Misc. Rep. 630.)

HECLA POWDER CO. v. HUDSON RIVER ORE & IRON CO.

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. PLEADING—CAUSE OF ACTION NOT ALLEGED.
   If due objection be made, there can be no recovery on a cause of action not pleaded.
2. SAME—AMENDMENT ON APPEAL.
   On appeal, to sustain the judgment, there can be no substantial change of the claim or defense.

(Syllabus by the Court.)

Appeal from judgment on report of referee.

Action by the Hecla Powder Company against the Hudson River Ore & Iron Company. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Frank E. Smith, for appellant.
Horace Graves, for respondent.

PRYOR, J. The effect of subsequent examination and reflection is to confirm the impression intimated on the argument, that, pleading one cause of action, the plaintiff was allowed to recover upon another and different cause of action. In his brief the learned counsel for the respondent says, "The plaintiff brought suit for a quantity of blasting powder sold to the defendant." In his report the learned referee says, "This suit is brought to recover the contract price" of the powder, and his conclusions of law on the facts proceed upon the same hypothesis. We cannot so construe the complaint. It alleges an agreement by plaintiff to deposit 60,000 pounds of powder in store at defendant's place of business, and to sell it to defendant at a certain named price; that defendant stipulated to use said powder "to the exclusion of all other powder; that defendant neglected to use the said powder, stored as aforesaid, but has used the powder of other manufacturers, and that in April, 1889, defendant refused to use said powder; that said powder so stored would all have been consumed before January, 1885, if the defendant had used it to the exclusion of all other; that said powder had deteriorated before April, 1889, through the breach aforesaid and the negligence of the defendant in allowing it to freeze and thaw many times, and had become worthless; that the plaintiff has been damaged by the conduct of the defendant as aforesaid in the sum of four thousand two hundred dollars." Here, indisputably, is a claim

of unliquidated damages for breach of another agreement than to buy and pay for the powder. But, be the claim for such damages upon the breach of an executory contract of purchase, it is still a different cause of action from that for which the recovery was had, namely, goods sold and delivered. The point that the cause of action pleaded was not proved, the defendant raised by motion to dismiss the complaint. In Romeyn v. Sickles, 108 N. Y. 650, 15 N. E. 698, the court of appeals ruled that a pleading cannot be amended in a material respect, except at a time which will give the opposite party a right and an opportunity to meet by proof the new allegations against him; saying: "It is a fundamental rule that judgment shall be secundum allegata et probata, and any departure from the rule is certain to produce surprise, confusion, and injustice." In Reed v. McConnell, 133 N. Y. 425, 31 N. E. 22, the judgment was reversed because the recovery was for a cause of action not exhibited by the complaint; and, adverting to the remedial policy of the reform code, the court says: "The rule that a party coming into court asserting one cause of action cannot recover on another and different one is unchanged. It is essential to the orderly administration of justice, and the protection of the rights of litigants." In Douglass v. Ferris, 138 N. Y. 192, 33 N. E. 1041, it was held that a defendant cannot avail himself on appeal of a defense not pleaded, though apparent in the record; saying: "It is not every fact that appears in the record that a party can have the benefit of in this court, but only such facts as have been pleaded and proven. Secundum allegata et probata is the rule that governs such cases."

Respondent solicits us, by virtue of section 723 of the Code, to conform his complaint to the proof; but the provision expressly qualifies the power of the court by the condition that the "amendment does not change substantially the claim or defense." Romeyn v. Sickles, supra. Other exceptions of probable validity appear in the record, but since, for the error indicated, the judgment cannot stand, they require no discussion. Judgment reversed, and new trial ordered; costs to abide the event. All concur.