(9 Misc. Rep. 93.)

KLEY v. HEALY.

(Common Pleas of New York City and County, General Term.   June 4, 1894.)

1. FALSE REPRESENTATIONS—FINDINGS.
    In an action for false representation, by the defendant's affirming himself to be a partner, a finding by the court that he either stated that he was a partner, or that he was to become a partner, is not a finding of the fact that he represented himself to be a partner.

2. APPEAL—PRESUMPTIONS.
    While, in the absence of any finding, to support a judgment, the appellate court will infer a finding in conformity with the evidence, the presumption is not allowable in the presence of an express finding upon the question of fact.

3. JUDGMENT—SECUNDUM ALLEGATA.
    A judgment must be secundum allegata, unless, by consent of the parties, the unpleaded issue was litigated on the trial.

4. FALSE REPRESENTATIONS—EXISTING FACTS.
   To found an action for a false representation, it must assert a fact as existing in the present tense.
(Syllabus by the Court.)

Appeal from trial term.

Action by Anna C. Kley against John W. Healy to cancel a satisfaction of a judgment, a release, and a countermand of execution, on the ground that they were procured by fraud. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, C. J., and BOOKSTAVER and PRYOR, JJ.

Christopher Fine, for appellant.
Hector M. Hitchings, for respondent.

PRYOR, J. The action is in equity, to cancel a satisfaction of judgment, a release, and a countermand of execution, on the ground that they were procured by the fraudulent misrepresentation of the defendant. The misrepresentation imputed to the defendant in the complaint is "that he was interested, as a copartner, in the mercantile house or firm of E. S. Higgins & Co., and that if the recovery of said judgment became known to his said copartners they would dissolve their said copartnership with him, eject him from said business, and entail upon him financial ruin; that his said interest in said copartnership was a lucrative one, and would enable him soon to pay said judgment, which he then promised to do if she would only permit him to retain the said interest, by releasing said judgment." The representation charged, it will be observed, is that the defendant was then a member of the firm of E. S. Higgins & Co., and that his interest in the copartnership was an existing interest, of present value. The representation found by the learned trial judge is "that he was interested, or was about to become interested, as a copartner, in the mercantile house or firm of E. S. Higgins & Co., and that if the recovery of said judgment became known to his said copartners they would dissolve their copartnership with him, or would not allow him to become a partner, and would eject him from said business, both as a partner and as a clerk, and would entail upon him financial ruin; that his said interest in said copartnership was, or was to be, a lucrative one, and would enable him to soon pay said judgment, and thereupon promised and agreed to pay the same, if the plaintiff would permit him to retain said interest, by releasing said judgment and executing said papers." From this finding of fact, coupled, of course, with the requisite imputation of bad faith, and from this finding alone, the trial court deduced the legal conclusion that the release and satisfaction "were obtained by fraud and deceit, and that the same are void, and should be vacated and set aside." At first blush, it may be thought that the finding ascribes to the defendant the alternative statement that he was, or was about to be, a partner, but upon an attentive reading the impression vanishes. Indeed, were such the true construction of the finding, it would not be the representation alleged in the

complaint. Moreover, it would be fatal to the judgment, because unsupported by a scintilla of evidence. The proof is that the defendant said, either that he was a partner, or that he was to become a partner; some witnesses giving one version, and some the other. It is obvious, then, that the learned trial judge does not find the fact as alleged in the complaint, namely, that the defendant represented himself as an actual member of the firm. The finding is in the alternative,—that he said either that he was a partner, or that he was about to become a partner. The finding is that he made one or the other representation, but which is not ascertained. It was the one or the other; but, whether the one or the other, the finding leaves doubtful and undetermined. Upon so shifting a basis of fact, no legal conclusion can be established. "The rule is that the report must show the disposition made of the specific issues in the cause." Dolan v. Merritt, 18 Hun, 27, 28. "When our review is upon the facts, it is essential that the findings be explicit, and cover all the material facts in the case." Rogers v. Beard, 20 How. Pr. 282, 284. "It must be distinctly found as a fact, if that fact is necessary to support the legal conclusion. Everything asserted to support the judgment must appear in the statement of facts. No fact can be implied from the conclusions of law." Daly, C. J., in Tomlinson v. Mayor, 23 How. 452, 455. "Although the evidence, undoubtedly, must have satisfied the mind of the referee that the indebtedness did exist, yet he has wholly omitted to find any such fact. The facts are to be found by the referee, and not by the court." Jarvis v. Jarvis, 66 Barb. 331, 333. "The report must contain a sufficient statement of facts to form a basis for the conclusions of law, and substantially show the disposition of the specific issues in the cause." Van Slyke v. Hyatt, 46 N. Y. 259, 263. It is the law, undoubtedly, that on appeal, in support of the judgment, the record will be explored for evidence of a fact, "where there has been no finding on the question of fact." Oberlander v. Speiss, 45 N. Y. 175, 179. Here, however, is no inadvertent omission of a finding; but, upon consideration of the evidence, the court, unable to determine the specific fact in issue, reports the existence of either that or another fact. From the silence of the court a presumption of a finding might have been indulged; but, since the court has spoken, we are not at liberty to supplement its actual findings by the inference of another. Meyer v. Amidon, 45 N. Y. 169, 174; Comstock v. Ames, *42 N. Y. 357, 359.

Waiving the defect in the finding of fact, and still it is impossible to uphold the judgment. If we assume the finding to be that the defendant represented himself as a present partner, with an actual interest in the firm, it is against the clear and decisive weight of evidence. Before going to the lawyer's office, the plaintiff had already resolved and agreed to give the release and satisfaction. The misrepresentation, therefore, by which the alleged fraud was accomplished, occurred in the previous interviews between the plaintiff and defendant; and yet she does not pretend that he represented himself as a present, but only as a prospective, part-

ner. If we consider his subsequent statements, they are still that he expects to be a partner, and is yet only a salesman, with means inadequate to the exactions of the proposed settlement. The plaintiff failed, therefore, to prove the fraud charged in the complaint; and it should have been dismissed, pursuant to defendant's motion. A party may not avail himself of a cause of action not pleaded, though proved, unless, on the trial, his adversary consents to litigate the new issue. Reed v. McConnell, 133 N. Y. 425, 31 N. E. 22; Douglas v. Ferris, 138 N. Y. 192, 33 N. E. 1041; Hecla Powder Co. v. Hudson River Ore & Iron Co., 7 Misc. Rep. 630, 28 N. Y. Supp. 34; Bailey v. Ryder, 10 N. Y. 363; Kelsey v. Western, 2 N. Y. 501; Bank v. Eames, *40 N. Y. 588. The defendant requested no finding as to the representation of a future partnership, and evidence of that was pertinent to disprove the alleged representation of a present partnership.

If the action be supposed to proceed upon the alternative finding that the defendant fraudulently represented that he was to become a partner, and to have a future interest in the firm, the judgment is still untenable: First, because the proof is only that he did not in fact become a partner, and no evidence was adduced to show that he had not expectation of a partnership; secondly, because one's anticipation of a future partnership, no matter how confident may be the honest delusion of a sanguine temperament, and at all events, is the promissory statement of which the law refuses to predicate actionable fraud. "Actionable fraud consists either in misrepresentation or concealment as to the existence or nonexistence of some fact or circumstance." Farrington v. Bullard, 40 Barb. 512, 516. "Fraud arises from the assertion of the existence in praesenti of a fact." Treacy v. Hecker, 51 How. Pr. 69, 70. "It is difficult to see how an action can be based on the expression of hopes, expectations, and beliefs." Sawyer v. Pritchett, 19 Wall. 146, 163. "To warrant an action for a deceitful representation, it must assert a fact as existing in the present tense." Gallagher v. Brunell, 6 Cow. 347. "A mere promise of something in the future cannot be regarded as a fraudulent representation of an existing fact." Lexow v. Julian, 21 Hun, 577. The finding involves a predicament of contradictory facts. If the defendant was only to become a partner in the future, it could not be that he was already a partner; and, if he was already a partner, it could not be that he was yet to become a partner. But, between inconsistent findings, the appellant is entitled to the benefit of the fact most favorable to him, in aid of his exceptions to the conclusions of law. Bonnell v. Griswold, 89 N. Y. 122; Kelly v. Leggett, 122 N. Y. 633, 25 N. E. 272; Schwinger v. Raymond, 83 N. Y. 192. Conceding, then, to defendant, that his representation was of an expected partnership and a future interest in the firm, it is an insufficient support for the judgment, because not shown to be untrue, because not constituting legal fraud, and because not the fraud charged in the complaint.

The points discussed are duly presented in the record; but, indeed, to challenge the correctness of the judgment at general term, no exception is necessary. Roberts v. Tobias, 120 N. Y. 1, 23 N. E.

1105; Schwinger v. Raymond, 105 N. Y. 649, 11 N. E. 952; Mandeville v. Marvin, 30 Hun, 282.

As the judgment must be reversed, the appeal from the order requires no consideration. Judgment reversed, and new trial directed; costs to abide the event.