(16 Misc. Rep. 381.)

## CONSTRUCTION REPORTER CO. v. CROWNINSHIELD.

(Supreme Court, Appellate Term, First Department.   March 23, 1896.)

CONTRACTS—FRAUD—EVIDENCE.
    In an action on a contract, sought to be avoided on the ground of fraud, evidence of misrepresentation only as to future details of the perform-ance of the contract is inadmissible.

Appeal from Eleventh district court.

Action by the Construction Reporter Company against Frederick Crowninshield to recover on a contract in writing whereby defend-ant promised to pay, in installments, for certain trade information to be imparted to him.   From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before McADAM and BISCHOFF, JJ.

Sproull, Harmer & Sproull, for appellant.
R. W. G. Welling, for respondent.

BISCHOFF, J.   The parties entered into a contract in writing whereby the plaintiff agreed to furnish certain trade information to the defendant, and the latter promised to pay $50, quarterly, therefor.   At the commencement of the second quarter the pay-ment was not made, and this action was brought to recover the amount then claimed to be due in advance.   Two defenses were litigated,—one as to the entirety of the contract, and another based upon fraud of the plaintiff's agent in inducing the contract.

While it is, without doubt, the province of the district courts to entertain the defense of fraud in an action upon a written instru-ment (Estelle v. Dinsbeer, 9 Misc. Rep. 485, 30 N. Y. Supp. 226), and while parol evidence to prove the fraud is not open to objec-tion under the rule excluding such evidence to vary the terms of the contract (Smith v. Harris, 7 N. Y. St. Rep. 479), yet here the proof showed only misrepresentation as to the future details of the performance of the contract, and hence there was no fraud shown such as could avoid the agreement (8 Am. & Eng. Enc. Law, 637, and cases cited; Kley v. Healy, 9 Misc. Rep. 93, 29 N. Y. Supp. 3).   The justice below distinctly ruled that proof of these misrep-resentations was proper, and that, if proven to his satisfaction, he would relieve the defendant from what clearly appears to have been viewed as actual fraud, although, throughout, it was under-stood that the misrepresentations were of future intentions, and not of existing facts.   The record does not affirm that the judg-ment for the defendant was not wholly or in part based upon the incompetent evidence hereinbefore alluded to, and for the error of

its admission, against the repeated objections of the plaintiff's counsel, a new trial should result.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.