HERMAN VEEDER, Appellant, *v.* JOHN L. JUDSON et al., Respondents.

In an action brought by plaintiff as creditor of a manufacturing corporation, on behalf of himself and other creditors, against the stockholders, to enforce the liability imposed by the General Manufacturing Act (§ 12, chap. 40, Laws of 1848) upon stockholders, a judgment was entered authorizing and directing the county treasurer to docket judgments against the stockholders for the maximum amount of their possible liability, and to collect thereon, by execution, enough to pay the claims of creditors, as proved, and their costs, and out of the

payments to him to retain his lawful commissions, and distribute the residue to those entitled. The commissions of the county treasurer were stated in plaintiff's bill of costs, and taxed as an item of disbursements. *Held* error ; that the county treasurer was authorized in issuing executions, for the purpose of providing enough to pay creditors, to include his commissions and they were not properly chargeable as plaintiff's disbursements.

Certain of the papers in the case were printed upon the request of the attorneys for some of the defendants and by direction of the referee, the expense was taxed as an item of disbursements. *Held* error,

(Argued January 30, 1883 ; decided February 9, 1883.)

APPEAL from order of the General Term of the Supreme Court, in the third judicial department, made September 22, 1882, which reversed an order of Special Term denying a motion for re-taxation of plaintiff's costs herein and the disallowance of certain items taxed as disbursements.

This action was brought by plaintiff as creditor of the Rochester Iron Manufacturing Company, a corporation organized under the General Manufacturing Act, on his own behalf and that of other creditors choosing to come in, against the stockholders of said corporation, to enforce the liability for the debt of said corporation imposed upon stockholders where the whole capital stock has not been paid in.

The facts so far as material are stated in the opinion.

*Edward C. James* for appellant. Plaintiff was entitled to include in his taxable disbursements the fees of the county treasurer. (Code of Civ. Pro., §§ 3256, 1795, 745, 3321; Laws of 1877, chap. 436, § 5, p. 494; *Matter of R. R. Co.,* 7 Abb. N. C. 408; *Beckwith* v. *Carroll,* 56 Ala. 12; *Hutchinson* v. *Hampton,* 1 Mont. 39.) Although the request to print the papers was verbal the expense was properly included in the bill of costs. (*Jewett* v. *Albany City B'k,* Clark, 241; *Banks* v. *Am. Tract Society,* 4 Sandf. Ch. 438; *Staples* v. *Parker,* 41 Barb. 648; *Ballou* v. *Parsons,* 55 N. Y. 673; *Livingstone* v. *Gidney,* 25 How. Pr. 1; *Corning* v. *Cooper,* 7 Paige, 787; 52 N. Y. 261.)

*George F. Yeoman* for respondents. It was not necessary to order a retaxation. The disallowance had the "effect of a new taxation." (Code of Civ. Pro., § 3265.) The disallowance of $1,398, for county treasurer's fees, was right. They were not a disbursement in the action. (Code of Civ. Pro., §§ 3256, 3321.)

RAPALLO, J. There is very little but a matter of form involved in this appeal. The county treasurer, by the judgment, which, for the purposes of the motion, must be assumed to be the law of this case, is authorized to docket judgments against all the stockholders, for the maximum amount of their possible liability, and to collect thereon, by execution against each defendant separately, enough to satisfy the claims of the creditors and their costs. He is also authorized out of his payments to retain his lawful commissions. Consequently, in issuing his executions, he would be entitled, for the purpose of providing enough to pay the creditors, to include therein the commissions thus authorized to be retained. The judgments he was authorized to docket were for nearly double the sum of $133,475.22, found due to creditors. He was authorized to collect by execution, not any specific sum, but enough to pay the creditors, with costs and interest. His legal commissions were, therefore, a proper addition to be made to the execution to be issued in each case.

The plaintiff had no right to include these commissions in his bill of costs. They depended on the amount the county treasurer might collect, and they belonged to him, to be taken out of the money which might come into his hands. There is no more propriety in including these commissions in the plaintiff's bill of costs than there would be in embracing therein the poundage of the sheriff on the anticipated execution.

It cannot be that the judgment contemplated the taxation of this item of commissions by the plaintiff as costs, for it required the treasurer, after retaining his own commissions out of his collections, to pay the taxed costs of the action, and of the

creditors who had proved their claims, and then to divide the residue among the creditors. It is clear the commissions were not intended to be included in the bill of costs of the plaintiff's attorney. We think, therefore, that the court at General Term decided correctly in excluding these commissions from the plaintiff's bill of costs. We feel constrained also to sustain the decision of the General Term as to the items of disbursements for printing the referee's report, opinion, the interlocutory and final judgment, disallowed by them. This printing, it was claimed, was requested by the attorneys for some of the defendants, and directed by the referee. Such items are taxable only when required by a rule of the court. (Code, § 3256.)

The order of the General Term should be affirmed, with one bill of costs to respondents.

All concur, except DANFORTH, J., taking no part.

Order affirmed.