EFFRAY *v.* MASSON.

*(City Court of New York, General Term.* December 17, 1891.)

1. COSTS AGAINST ADMINISTRATOR—CORRECTION OF JUDGMENT—PRACTICE.

On the return of a rule to show cause why costs included by the clerk in a judgment against an administratrix should not be stricken therefrom as unauthorized, the affidavits of counsel and papers filed bring before the court as well the question whether costs should be included in the judgment as the irregularity of the action of the clerk in entering judgment for the costs.

2. SAME—REJECTION OF CLAIM.

Where such papers showed a written rejection of plaintiff's claim against the administratrix, and a failure on her part to make an offer of reference, plaintiff was entitled to costs, under Code Civil Proc. § 1836, providing that costs may be awarded plaintiff where the administrator refuses to refer, or unreasonably neglects or refuses to pay the claim.

3. SAME—CERTIFICATE OF FACTS—"SUPERIOR CITY COURT."

The city court of New York not being included within the courts designated as "superior city courts" by Code Civil Proc. § 3343, plaintiff was not obliged to obtain a certificate of fact from the judge in order to obtain such judgment for costs, as required by section 1836, in actions brought in a "superior city court."

Appeal from special term.

Action by Melanie Effray against Marie E. Masson, administratrix of Marie Ann Thuillier, deceased. From an order denying defendant's motion to strike out costs from a judgment for plaintiff, defendant appeals. Affirmed.

Argued before EHRLICH, C. J., and McGOWN and McCARTHY, JJ.

*M. F. Finnegan,* for appellant. *Edmond Huerstel,* for respondent.

McCARTHY, J. This is an appeal from an order made by the Honorable Justice FITZSIMONS, denying a motion, made on behalf of the defendants, to amend the judgment entered herein by striking out and disallowing the costs of the plaintiff, inserted after a trial and recovery had in favor of plaintiff. The plaintiff commenced an action against defendant in her representative capacity as administratrix, etc., of Mary Ann Thuillier, deceased, to recover a sum of money claimed to be due to plaintiff from the estate of said decedent. This action was at issue on complaint and answer, and was duly tried before Hon. Justice VAN WYCK and a jury at a regular trial term, and judgment rendered in favor of plaintiff with an extra allowance of 5 per cent. The action was commenced after the due presentation to the administratrix in pursuance of a notice published by her requiring creditors to present claims within a specified time, and which claim of plaintiff had been duly presented, and absolutely rejected by the administratrix. After the trial the plaintiff duly served a bill of costs, with due notice of taxation, and costs were duly taxed by the clerk in pursuance of such notice, without objection from the defendant. Judgment was thereupon entered against defendant, in her representative capacity as administratrix, on May 11th, inst., the notice of taxation having been previously served on May 8th, and on said May 11th notice of the entry of judgment was duly served on appellant's (defendant's) attorney. On May 15th defendant made a motion to set aside the verdict and judgment, and for a new trial of this action, on the judge's minutes, which motion was duly heard and argued before the Honorable Justice VAN WYCK, before whom the trial was had and denied, with $10 costs to plaintiff, and thereafter the motion to amend said judgment by striking out the costs was made. The including of costs in the judgment in this case without application to the court was premature and irregular, and subject to be stricken out on motion, unless the plaintiff can satisfy the court that it comes within the requirements of section 1836, and authorities hereafter cited. When such appears, the court, in order to do substantial justice, will disregard the irregularity, and grant the relief asked for. The defendant obtained on May 19, 1891, an order to show cause why an order should not be made, requiring the clerk of this court to amend the judgment entered herein by striking out all of the costs other than the actual disbursements taxed and entered herein. Upon the hearing of this motion the following papers besides the pleadings were presented:

"CITY COURT OF NEW YORK.

"*Melanie Effray* vs. *Marie E. Masson, as Administratrix, &c.*

"On the annexed affidavit of Michael F. Finnegan, verified the 19th day of May, 1891, and upon all the proceedings heretofore had herein, let the plaintiff or her attorney show cause before me, or one of the justices of this court, at the chambers thereof in the old city hall, in the city of New York, on the 21st day of May, 1891, at ten o'clock in the forenoon, why an order should not be made requiring the clerk of this court to amend the judgment entered herein by striking out all costs other than the actual disbursements taxed and entered herein. Service of a copy of this order and affidavit on the plaintiff's attorney on or before the 19th day of May, 1891, will be deemed sufficient service.

"*Dated N. Y., May 19th,* 1891.   J. M. FITZSIMONS,

                 "J. C. C."

"CITY COURT OF NEW YORK.

"*Melanie Effray* vs. *Marie E. Masson, as Administratrix, &c.*

"*City and County of New York—ss.:* Michael F. Finnegan, being duly sworn, says that he is the attorney for the defendant above named. That this action was brought to recover the sum of $540 and interest for board and lodging, claimed to be due and owing from defendant's intestate at the time of her demise. That on or about the 19th day of June, 1890, the plaintiff presented to defendant, as such administratrix, her claim for said board and lodging, which was promptly rejected. That the plaintiff never offered to refer said claim, but immediately brought suit against defendant. That on the trial of this action judgment was recovered against defendant for the sum of $540 and interest, and thereafter, and on the 11th day of May, 1891, the plaintiff's attorney improperly entered judgment, with costs, other than disbursements, without first obtaining permission from the court, as required by the Code of Civil Procedure. Wherefore deponent prays that an order may be made requiring the plaintiff or her attorney to show cause why an order should not be made requiring the clerk of this court to strike out the costs heretofore taxed in this action. That no previous application has been made for this order.        M. F. FINNEGAN.

"Sworn to before me this 19th day of May, 1891.

".W. TAZEWELL FOX, Notary Public, N. Y. Co."

"CITY COURT OF NEW YORK.

"*Melanie Effray* vs. *Marie E. Masson, as Administratrix, etc.*

"*City and County of New York—ss.:* Edmond Huerstel, the plaintiff's attorney herein, being duly sworn, says that a trial of this action was duly had on the 5th day of May, 1891, before Hon. Justice VAN WYCK and a jury, and a verdict rendered by direction of the court in favor of the plaintiff for the sum of $639.80, and that an extra allowance of five per cent. was granted by the justice to the plaintiff. That thereafter, on the 8th day of May, 1891, deponent caused to be served on the defendant's attorney a bill of costs, with a notice of taxation for the 11th day of May, 1891, and that in pursuance of such notice the costs were duly taxed by the clerk at $93.91, and that defendant's counsel did not oppose or object to such taxation; and that on the same day judgment in this action was duly entered, and a copy of the same, with notice of its entry on the same day, served on the defendant's attorney. That this action is brought to recover a claim against the estate of said deceased, which had been duly presented to the administratrix in pursuance of a notice of creditors to present claims published by said administratrix, and upon presentation of which the same was rejected by a notice in writing signed by said administratrix, a copy of which said claim is annexed to the complaint in this action, and a copy of the rejection thereof is also hereto annexed. That the administratrix made no offer in reference to this claim, as provided by statute, and the deponent was thereupon retained to commence this action for the plaintiff. That the judgment entered herein, including costs and extra allowance, is against the defendant in her representative capacity as such administratrix, and not against her individually. That on the trial of this action, the justice granted an extra allowance of five per cent. to the plaintiff, to which defendant's counsel interposed no objection; and at the same time the justice, on the rendering of said verdict, directed in the minutes as follows, viz.: Twenty days' stay of execution after notice of entry of judgment, and thirty days to make a case. That subsequently, on the 15th day of May, inst., the defendant's attorney served a notice of motion to set aside the judgment and verdict, and for a new trial on the minutes, which motion was duly heard before Hon. Justice VAN WYCK at a trial term on May 19th, inst., and an order was made and duly entered thereon, denying the same, with ten dollars costs to the plaintiff; and on the same day the order to show cause in this present motion was served on deponent, after an

argument had before Hon. Justice VAN WYCK, and eight days after notice of entry of judgment herein, and eleven days after service of notice of taxation of costs in this action had been served, as above mentioned.

"EDMOND HUERSTEL.

"Sworn to before me this 21st day of May, 1891.

"WILLIAM J. GILROY, Commissioner of Deeds N. Y. Co."

"NOTICE OF REJECTION OF CLAIM.

"June 23, 1890.

"The within claim is hereby rejected, for the reason that the same is an unjust and unlawful claim.　　　MARIE E. MASSON, Administratrix."

This, then, brought the whole question before the court, as well as the question of irregularity. It is the same as if the motion was now made by plaintiff to allow the costs. The statements contained in affidavit of plaintiff's attorney were not denied nor answered. This written rejection was absolute, and comes clearly within section 1836, Code Civil Proc. EARL, J., in *Carter* v. *Beckwith*, 104 N. Y. 239, 10 N. E. Rep. 350, says: "After such an unqualified refusal, the plaintiff was not bound to go further * * * before commencing his action in order to entitle him to costs. It is not necessary to obtain or present a statement of the facts certified by the judge before whom the trial took place in this court." Section 3343, Code of Civil Procedure, declares what are superior city courts. This court is not one of them. The administratrix having been exempted from the payment of costs personally, is not therefore injured, and cannot be heard to complain of the absence of the certificate of the judge who tried the case. *Meltzer* v. *Doll*, 91 N. Y. 374. The order should be affirmed, without costs. All concur.