GEORGE C. CARTER, Respondent, *v.* EMILY P. BECKWITH et al., as Administrators, etc., Appellants.

The right of the court, under the Code of Civil Procedure (§ 1836), to allow costs to the plaintiff, in an action against executors or administrators upon a claim against the estate, where they have refused to pay the claim, or any part of it, is not affected by the fact that the amount claimed in the account presented was larger than the amount claimed in the complaint, or that the latter claim was larger than the recovery.

Where it appears that, upon presentation of the claim, the defendants not only refused to pay, but also to refer it, to entitle plaintiff to costs, it is not essential to show that, after the refusal, he made an offer of reference before the commencement of the action.

(Argued January 18, 1887; decided January 25, 1887.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department made April 20, 1886, which affirmed an order of Special Term allowing plaintiff costs herein.

The nature of the action, and the material facts, are stated in the opinion.

*John Lansing* for appellants. The plaintiff can recover no costs in this action unless it appears that the demand was presented, that its payment was unreasonably resisted or neglected, or that the defendants refused to refer the claim as prescribed by law. (Code Civ. Pro., §§ 1835, 1836.) The account presented, including in it a large number of items, which are not claimed, is not a substantial compliance with the demands of the statute, and without such compliance there can be no award of costs. (*Knapp* v. *Curtiss*, 6 Hill, 386–388; *Wallace* v. *Markham*, 1 Den. 671–673.) The claim in this case was not unreasonably resisted. (*Roberts* v. *Dilman*, 7 Wend. 522; *Carhart* v. *Blaisdell's Ex'r*, 18 id. 531; *Sutton* v. *Newton*, 22 N. Y. Week. Dig. 140.) The defendants never refused to refer the claim as prescribed by law. (*Buckhout* v. *Hunt*, 16 How. 407; *Proude* v. *Whiton*, 15 id. 304; *Stephen* v. *Clark*, 12 id. 282; *Cruikshanks* v. *Cruikshanks*, 9 id. 350; *Swift* v. *Blair's Ex'rs*, 12 Wend.

279.) The referee's certificate presented to the Special Term was insufficient and not in conformity to the provision of the Code of Civil Procedure. The facts not appearing by the certificate the plaintiff cannot be awarded costs. Without the proper certificate the court has no power to act. (*Sutton* v. *Newton*, 22 N. Y. Week. Dig. 140; Code Civ. Pro. § 1836; *Carhart* v. *Blaisdell's Ex'rs*, 18 Wend. 531, 532; *Buckhout* v. *Hunt*, 16 How. 407, 411; *Gansvort* v. *Nelson*, 6 Hill, 389, 394; *Smith* v. *Randall*, 67 Barb. 377.) The award of costs against an executor or administrator is in all cases, after the performance of the conditions precedent, which are all necessary before the plaintiff is in a position to ask for an award of costs, discretionary with the court. The plaintiff is not entitled to the costs as a matter of right. (*Sutton* v. *Newton*, 22 N. Y. Week. Dig. 140; *Miller* v. *Miller*, 67 How. 135, 143; *Daggett* v. *Mead*, 11 Abb. [N. C.] 116; Code Civ. Pro., §§ 1836, 3228, 3229.)

*P. C. J. De Angelis* for respondent. The claim was duly presented to the administrators within the time limited by their published notice for the presentation of claims, they refused to refer said claim; the action was thereupon brought, and, according to the uniform practice, the plaintiff is entitled to his costs. (2 R. S., chap. 6, title 3, art. 2, p. 90; 3 R. S., [Bank's 5th ed.] 175, 176; *Snyder* v. *Snyder*, 26 Hun, 324; *Smith* v. *Randall*, 67 Barb. 377; *Field* v. *Field*, 77 N. Y. 294.) Assuming that this is an action at law, and that the law previous to the adoption of the Code of Civil Procedure governs, the award of costs was probably improper, but would not effect the legality or validity of the report. (*Bailey* v. *Berger*, 5 Hun. 555; *Morgan* v. *Skidmore*, 3 Abb. [N. C.] 92.) If it be an action in equity, then, assuming that the old law is applicable, the award of costs by the referee is correct. (*Van Riper* v. *Poppenhausen*, 43 N. Y. 68.) If it be an action in equity, and the present law governs, the referee was right in passing on the question. (Code of Civ. Pro., § 1022.)

EARL, J.   In 1876, the defendants were appointed admin-
istrators of Richard Beckwith, deceased.   Under an order of
the surrogate, they published a notice to creditors to present
their claims on or before July 25, 1877.   The plaintiff, having
a demand against the intestate for services rendered to him,
and disbursements made for him as an attorney, on the 21st
of July, 1877, personally presented a claim for such services
and disbursements to the administrators, amounting in the
aggregate to $2,554.25, in the form of a bill of particulars.   On
the 31st of July, 1877, the attorney for the defendants wrote
a letter to the plaintiff, which was received by him, of which
the following is a copy : " DEAR SIR. — Your account against
the estate of the late Mr. Beckwith has been shown to me by
the administrators of Mr. Beckwith's estate, and they direct
me to inform you that they decline to pay the same or any
part of it.   They also direct me to inform you that they will
not consent to a reference, and if you insist upon its payment
you must proceed immediately."   Subsequently the defend-
ants offered to pay the plaintiff $110 upon his claim, and
thereafter, on the 10th day of July, 1878, the plaintiff com-
menced this action to recover the sum of $1,412.63, for ser-
vices rendered, and money disbursed for the intestate.   The
action was put at issue and subsequently referred by order of
the court and tried before a referee, who made his report
awarding the plaintiff $573.63, besides costs.   Upon the refer-
ence evidence was given of the presentation of the account to
the administrators as above-mentioned, and that the plaintiff
received the letter rejecting the claim.   The referee made his
certificate as follows :   " That said action was brought against
Emily P. Beckwith as administratrix, and Alexander Kanady
and Samuel C. Kanady as administrators of the estate of
Richard Beckwith, deceased, to recover a sum of money only,
and that it appeared upon such trial that the plaintiff's
demand in said action was presented to said defendants before
the expiration of the time limited by the notice published as
prescribed by law, requiring creditors to present their claims,
and that said defendants refused to refer said claim, as pre-

scribed by law." Upon the affidavit of the plaintiff and the referee's certificate, the plaintiff made a motion for an order allowing him costs against the defendants. That motion was opposed upon the affidavit of defendants' attorney, but was granted; and this appeal is from an order of the General Term affirming that order.

We think the order is right. Section 1836 of the Code provides as follows: "When it appears, in a case specified in the last section, that the plaintiff's demand was presented within the time limited by a notice, published as prescribed by law, requiring creditors to present their claims, and that the payment thereof was unreasonably resisted, or neglected, or that the defendant refused to refer the claim as prescribed by law, the court may award costs against the executor or administrator, to be collected, either out of his individual property, or out of the property of the decedent, as the court directs, having reference to the facts which appeared upon the trial. Where the action is brought in the Supreme Court, or in a Superior City Court, the facts must be certified by the judge or referee before whom the trial took place." We think within the meaning of that section that the claim upon which the plaintiff recovered was presented to the administrators. It matters not that the amount claimed in the account as presented was larger than the amount claimed in the complaint, and much larger than that recovered. It was the same claim, for the same services and disbursements, and the administrators were in no way mislead or prejudiced by the amount. (*Field* v. *Field*, 77 N. Y. 294.) The letter of the defendants' attorney was a positive refusal to refer the claim or to pay it, or any part of it. After such an unqualified refusal, the plaintiff was not bound to go further and make another distinct offer of reference before commencing his action in order to entitle him to costs.

The order should be affirmed.

All concur.

Order affirmed.