## OLIVER MORSE *vs.* INHABITANTS OF WELLESLEY.

Norfolk.    January 29, 1892. — February 26, 1892.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Oral Agreement — Consideration — Statute of Frauds.*

A party cannot avoid the effect of the statute of frauds by proving that an oral agreement to convey to him interests in land was a part of the consideration of the deed which he gave of the land.

CONTRACT.   The declaration alleged that the plaintiff gave to the defendant a deed dated July 17, 1884, conveying " a certain tract of land " containing nine and $\frac{74}{100}$ acres situated in Wellesley, and also " the right to lay and forever maintain, without any charge for rent or damages, a line of water-pipe through " certain other land of the plaintiff adjoining the tract, as set forth in the deed; that immediately after the description in the deed is the following grant: " meaning and intending to convey herein, in addition to said land, all rights, title, interest, and privileges of any kind, name, or nature whatsoever, in and to all water privileges, and water that flows in the brook running through the granted premises, and all water which flows to or from said brook "; that all negotiations in respect to the deed, and the considerations therefor, were made with Clapp, Hunnewell, and Ware, the board of water commissioners, who were the duly authorized agents of the town; " that when said deed was given there was, and had been for a long time, a dam across said brook on said tract of land, used to raise a pond or head of

water to operate a certain mill or shop owned and occupied by the plaintiff for the manufacture of paper-making machines and other things, and situated on his adjoining land, about seventy feet westerly from said dam, and about twenty feet westerly from the westerly side or line of said tract named in said deed, in which mill there is and was a water-wheel and other machinery, and there was a trench or penstock leading from said pond at or near said dam to said mill, and from said mill back to said brook a little below said dam, said trench or penstock being the natural course or channel, or in the natural course or channel, of said brook, and by which the water of said pond was used to operate said mill, the same constituting a mill privilege of great value; that when said deed was given, there was and had been for a long time a way used and occupied by the plaintiff, leading from Cedar Street across said tract of land named in said deed, and over said dam, to a certain other lot of land owned by the plaintiff and situated on the northeasterly end and side of said tract, which way was necessary to the use and enjoyment of said lot; and that when said deed was given there were and still are grass and fruit growing on said tract named in said deed, all of which were of great value, all of which the defendants well knew "; that before said deed was given the plaintiff " bargained and agreed to sell and convey to the defendant the said tract of land, and the said right to lay and maintain a line of water-pipe named in said deed, for the sum of $3,500, which sum the defendant agreed to pay him therefor, exclusive of or excepting the said mill privilege, the right to take said grass and fruit, and a right of way over said tract to the plaintiff's said other lot, all of which the plaintiff, by the terms of said bargain and agreement, was to have the right to retain and use, as hereinafter set forth; that the plaintiff did not bargain or agree to sell or convey to the defendant, in addition to said tract of land, his said mill privilege or his right to take said grass and fruit, or his right of way over said tract for said sum of $3,500; that the defendant purchased said tract named in said deed for the purpose of erecting, and has erected thereon, water-works, which are located about six hundred feet below said dam and about eighty feet westerly of said brook; that after said bargain was made to sell and convey

to the defendant for $3,500 said tract of land and said right to lay and maintain a line of water-pipe, the defendant, by its agents, said water commissioners, without the knowledge or consent of the plaintiff, drew up or caused to be drawn said deed as it now appears, containing said grant above quoted, and presented it to the plaintiff for him to execute; that the plaintiff thereupon refused to execute or give said deed in said form, for the reasons then stated by him, that said deed was not written according to the bargain or understanding, and would take away his said mill privilege and his right of way over said tract, and his right to have the grass and fruit growing thereon, which he was to retain; that thereupon the defendant represented, promised, and agreed to and with the plaintiff, that if he would give said deed in said form, as a further consideration therefor, the defendant would give and grant to the plaintiff a right of way over said tract to his other land, and also that the plaintiff should have the right to take to his own use the grass and fruit growing on said tract, as long as either of said commissioners should be on or a member of the board of water commissioners of said town, and also that he should have the right to use, in the manner he had heretofore done, his said mill privilege, and to use said water to operate his said mill until said water should be needed or required for said water-works, which the defendant represented and promised would not be for twenty years, if ever; that the plaintiff, relying on said representations, promises, and agreements, and in consideration thereof, in addition to said sum of $3,500, executed and gave said deed to the defendant; that after said deed was given, in the manner and for the considerations aforesaid, the plaintiff took to his own use the grass and fruit on said tract of land named in said deed for about three years, when the defendant, though said Clapp and Hunnewell have been ever since said deed was given and now are members of said board of water commissioners, unjustly, and in violation of said bargain, promises, and agreements, refused to let the plaintiff take, and prevented his taking, the same any longer; that after said deed was so given, the plaintiff used his said mill privilege and the water of said brook and pond to operate his said mill, in the manner he had theretofore done, until about the 1st of August, 1888, when the defendant,

though said water was not needed or required for said water-works, unjustly and in violation of said bargain, promises, and agreements, dug up and removed said dam and destroyed the plaintiff's said mill privilege, and prevented his using said water to operate his said mill; that after said deed was so given the plaintiff used and enjoyed the way aforesaid over said dam and across said tract of land to his said other lot, until about August, 1888, when the defendant unjustly, and in violation of said bargain, promises, and agreements, removed said dam and destroyed said way, and refused to grant to the plaintiff a convenient and suitable right of way over said tract and brook to his said other lot of land, by reason of which the plaintiff was compelled to and did bring an action at law in said court to establish, and therein did establish, his right to such way over said land; by means of all which acts and things of the defendant, the plaintiff has been deprived of and lost parts of the considerations of said deed and conveyance, and been put to great trouble and expense," etc.

The answer set up the statute of frauds.

At the trial in the Superior Court, before *Bishop*, J., the plaintiff offered evidence to prove the allegations of his declaration, claiming " that if one conveys his property to another, under a promise that that other shall give something, which promise is not binding in law because it is not in writing, but oral, yet the grantor may still have an action to recover the value of what he conveyed, and that the grantee shall not keep the land without paying for it, although his promise could not be enforced because it was within the statute of frauds, but still shall pay value because he has got value."

The court ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*C. G. Keyes*, for the plaintiff.

*G. A. Blaney & S. Robinson*, for the defendant.

FIELD, C. J. The water privilege, the right of way, and the right to take the grass and fruit, which the plaintiff claims that the defendant promised to give him as a part of the consideration of his deed, are each and all an interest in the land granted within the meaning of the statute of frauds, and the contract declared on is inconsistent with the deed.

The plaintiff cannot avoid the effect of the statute of frauds by proving that an oral agreement to convey to him interests in land was a part of the consideration of the deed which he gave of the land.   The agreement set up, if a part of the consideration, must have been made before or at the time of the delivery of the deed, and would, if allowed to have effect, cut down the grant, and impair the covenants contained in the deed.   The rights should have been reserved in the deed, if they were a part of the bargain.   *Flynn* v. *Bourneuf*, 143 Mass. 277.   *Simanovich* v. *Wood*, 145 Mass. 180.                    *Exceptions overruled.*