## LUCINDA WOODARD, Appellant, v. WILLIAM J. FOSTER, Respondent.

*Evidence — contract in part only in writing — a reservation of a life estate cannot be established by parol as against a deed in fee.*

William J. Foster conveyed certain premises by deed to the husband of Lucinda Woodard, who conveyed them to his wife. In an action of ejectment brought by Lucinda Woodard, the wife, to obtain possession of the premises, Foster was allowed to prove that at the time he conveyed to the husband the parties agreed that Foster should have the use of the premises for life.

*Held*, that the admission of this evidence was improper.

That the exception to the general rule which admits parol evidence, where the original contract is entire and by parol, and a part only has been reduced to writing, could only prevail where the evidence was consistent with the written instrument, that it was improper where the evidence varied or contradicted the writing.

APPEAL by the plaintiff Lucinda Woodard from a judgment of the Supreme Court, entered in the office of the clerk of the county of Cortland on the 2d day of June, 1891, dismissing the complaint, with costs, after a trial before a referee.

*Jerome Squires* and *W. C. Crombie*, for the appellant.

*George B. Jones* and *Riley Champlain*, for the respondent.

MARTIN, J.:

An important, if not the controlling, question in this case is, whether the referee properly admitted parol evidence to show that, before, and at the time of the delivery of the deed from the defendant to plaintiff's husband, it was agreed by the parties that the defendant should retain the use of the premises during his life. Although this question is controlled by the rules of evidence, yet its solution involves a substantial determination of the controversy between the parties.

The rule invoked by the appellant is, that making parol evidence inadmissible to contradict or vary the terms of a written instrument. The existence of this rule cannot be disputed; but there are exceptions to it, and it is not always easy to determine whether the evidence is within the rule or falls under some of the exceptions.

In the case before us the plaintiff's action was to recover the pos-

session of certain real property to which she claimed title under a deed from her husband, to whom the defendant had conveyed the premises in fee. The defense interposed, and which prevailed, was, that previous to and when the deed was executed and delivered, as a part consideration therefor, it was verbally agreed between the grantor and grantee that the former should have the use of the premises as long as he lived, and should pay the taxes thereon and keep them in repair, which he did up to the time of the trial.

The obvious result of the evidence introduced to establish this claimed defense, if given effect, was, to reduce the title conveyed by the defendant's deed, and to carve out of an absolute title in fee simple a life estate in the grantor. Thus the question is presented whether parol evidence was admissible for that purpose. That it was inadmissible under the general rule, prohibiting the admission of parol contemporaneous evidence to contradict or vary the terms of a valid written instrument, there can be no doubt. It is, however, contended that the evidence was admissible under an exception to the rule which permits parol evidence when the original contract is verbal and entire and a part only is reduced to writing. The existence of this exception must be recognized, but evidence is not admissible under it which contradicts or varies the written instrument; to be admissible it must be consistent with it. (*Chapin* v. *Dobson*, 78 N. Y., 74; *Thomas* v. *Scutt*, 127 id., 133, 138.) Therefore, the evidence was not admissible under that exception, because it was not consistent with, but in contradiction of, the deed.

There is no claim that the deed was to be given full effect, and the plaintiff's grantor to execute to the defendant a valid lease. The evidence shows that that was not contemplated.

We are of the opinion that the evidence admitted fell within the condemnation of the general rule excluding parol evidence when, in effect, it would change or destroy the agreement between the parties which they had reduced to writing. This conclusion seems to be sustained by the authorities. ( *Wilson* v. *Deen*, 74 N. Y., 531; *Eighmie* v. *Taylor*, 98 id., 288; *Snowden* v. *Guion*, 101 id., 458, 462; *Long* v. *The Millerton Iron Co.*, 101 id., 638; *Corse* v. *Peck*, 102 id., 513; *Sanders* v. *Cooper*, 115 N. Y., 279; *Gordon* v. *Niemann*, 118 id., 152; *Engelhorn* v. *Reitlinger*, 122 id., 76; *Read* v. *The Bank of Attica*, 124 id., 671; *Thomas* v. *Scutt*, 127 id., 138.)

The case of *Hutchins* v. *Hutchins* (98 N. Y., 56) was very similar to this in many respects. In that case it was held that a reservation of a life estate to the grantor could not be proved by parol when there was a deed in fee.

The authorities cited are, we think, decisive of the question, and require that the judgment should be reversed.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed on the exceptions and a new trial granted, with costs to abide the event.