JOHN REED, Appellant, v. GEORGE McCONNELL, Survivor, etc., Respondent.

This court, on appeal from an order of reversal and new trial where the order does not state that the reversal was upon the facts, and so is conclusively presumed to have been upon the law, is not confined to an examination of the exceptions upon which the General Term granted the order, but all exceptions taken on the trial by the party obtaining the order are presented here for consideration, and it must be sustained unless it appears that no error was committed to his prejudice in any ruling to which an exception was taken.

Where the allegations of a complant are unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance, but of failure of proof, and no judgment can be rendered in favor of plaintiff, without an amendment of the pleading.

Plaintiff sought by his complaint herein to recover damages for breach of an alleged contract; he proved a contract, void under the Statute of Frauds; he then asked and was permitted to recover for property received by defendants from plaintiff under the contract. This ruling was excepted to on the ground that the recovery was upon a different cause of action from and not consistent with that set forth in the pleadings. *Held,* that the ruling was error; and that the fact that defendant set up the statute as a defense to the cause of action pleaded did not authorize the substitution of another without amendment.

Evidence as to the value of the property so received, was introduced without the specific objection having been made that the contract was void under the statute; this objection was raised after the conclusion of the evidence. *Held,* that defendants by omitting to raise the objection when the evidence was offered did not waive their right to raise the objection upon the pleadings.

Reported below, 62 Hun, 153.

(Argued May 5, 1892; decided May 24, 1892.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made November 30, 1891, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Matthew Hale* and *Edgar T. Brackett* for appellant. None of the exceptions to findings of fact can be sustained on the ground that such findings, or any of them, are without evidence to sustain them. (Code Civ. Pro. § 993.) Plaintiff is entitled to recover of the defendant, on an implied promise to pay, all the moneys or other valuable things contributed by him to the enterprise, including the value of his work, both in the erection and subsequent running of the tannery. (*Day* v. *N. Y. C. R. R. Co.,* 51 N. Y. 583, 590; 89 id. 616; *Wood* v. *Shultis,* 4 Hun, 309; *Lisk* v. *Sherman,* 25 Barb. 433, 438;

*Resepaugh* v. *Vredenburgh*, 16 Hun, 60 ; *Rickard* v. *Stanton*, 16 Wend. 25 ; *Erben* v. *Lorillard*, 19 N. Y. 299, 302; *Moody* v. *Smith*, 70 id. 598 ; *Williams* v. *Bemis*, 108 Mass. 91–93 ; *White* v. *Wieland*, 109 id. 291 ; *Dix* v. *Marcy*, 116 id. 416 ; *Frazer* v. *Howe*, 106 Ill. 563 ; *U. S.* v. *Behan*, 110 U. S. 338–346 ; *Benton* v. *Pratt*, 2 Wend. 385 ; *Rice* v. *Manley*, 66 N. Y. 82 ; *N. Y. L. S. Co.* v. *Chapman*, 118 id. 288 ; 3 Pars. on Cont. 64, 65 ; Bishop on Cont. § 1239 ; Brown on Stat. of Frauds, § 135 ; 2 Reed on Stat. of Frauds, § 651; *Chicago Dock Co.* v. *Kinzie*, 49 Ill. 289–293 ; *Cahill* v. *Bigelow*, 18 Pick. 369–372 ; *Rust* v. *Morse*, 2 Hill, 655–657 ; *Cooper* v. *Hornsby*, 71 Ala. 62–65 ; *Bohannon* v. *Pace*, 6 Dana, 194 ; *Waters* v. *Towers*, 8 Exch. 401 ; *Sneed* v. *Bradley*, 4 Sneed, 301–305 ; *Kratz* v. *Stocke*, 42 Mo. 351 ; *Stowell* v. *Haslett*, 5 Lans. 380–387 ; 57 N. Y. 637.) If the evidence as to the ser‑ vices rendered, the money paid, laid out and expended, and the bark contract, the several items on which the plaintiff has recovered, was competent, as showing and making the items of his, the plaintiff's, damage for the failure of the defendants to perform this, their contract (valid unless and until the objec‑ tion that it was void under the statute, was taken), then it was properly admitted in the case. That these are proper items of plaintiff's damage, in an action on a breach by defendants of a valid contract to take him into partnership, or give him an interest in the business, is well settled. (*United States* v. *Behan*, 110 U. S. 338, 344; *Powers* v. *Hogan*, 6 N. Y. S. R. 239, 240 ; *Graves* v. *White*, 87 N. Y. 463 ; *Frost* v. *Smith*, 7 Bosw. 108.) But a perfect answer to any possible contention that the defendants may make on this point is, that they made no objections, nor took any exceptions on the trial, that entitle them to raise the point here, for the evidence being in, with‑ out any objection on the trial, that the complaint is for any reason insufficient to allow it, when, if the objection had been there taken, an amendment might have been had on proper terms, the court will render such judgment as is warranted upon all the case. (Code Civ. Pro. §§ 539, 540 ; *Colrick* v. *Swinburne*, 105 N. Y. 503–507 ; *Thayer* v. *Manley*, 73 id.

305–309; *Reeder* v. *Sayre,* 70 id. 181–190; *Fallon* v. *Lawler,* 102 id. 228–233; *Knapp* v. *Simon,* 96 id. 284, 291, 292; *Cowing* v. *Altman,* 79 id. 167–169; *Holcomb* v. *Campbell,* 118 id. 46, 55.) Even if the agreement set up in the complaint and found by the trial court be considered as valid, the decision of the trial court was right, and should be sustained. (*United States* v. *Behan,* 110 U. S. 238.) The court committed no error prejudicial to the defendant, in its treatment of the counter-claims interposed by their answers. (*Elwood* v. *W. U. T. Co.,* 45 N. Y. 549; *C. Bank* v. *Diefendorf,* 123 id. 191, 200.) It was proper to allow the plaintiff interest on the items contributed by him, and which the court has found in his favor. (*Day* v. *N. Y. C. R. R. Co.,* 51 N. Y. 583; *Van Rensselaer* v. *Jewett,* 2 id. 135; *Robbins* v. *Carll,* 93 id. 656.) It was not error to allow the plaintiff's books to be introduced in evidence, and the exceptions of the defendants to their admission are without force. (*Dewey* v. *Hotchkiss,* 30 N. Y. 497; *Low* v. *Payne,* 4 id. 247.) Even though there were some erroneous items included by the trial judge in his decision, they were merely incidental, and capable of accurate correction. In such a case a new trial ought not to have been granted, and this court will reverse and then modify so as to correct the error. (*Wright* v. *Nostrand,* 98 N. Y. 669, 670; *Conklin* v. *Snyder,* 104 id. 641–643; *Cromwell* v. *Winnie,* 29 id. 400–410.)

*Francis A. Smith* for respondent. The appellant assumes the burden of showing not only that the General Term was wrong in ordering a new trial upon the ground it did, but that a like order could not be justified upon any ground. (*People ex rel.* v. *Bd. of Suprs.,* 70 N. Y. 228; *Mackay* v. *Lewis,* 73 id. 382; *Roberts* v. *Baumgarten,* 126 id. 341; *Godfrey* v. *Moser,* 66 id. 250; *Gray* v. *Bd. Suprs.,* 93 id. 608; *Conklin* v. *Snider,* 104 id. 641–643.) Assuming that the plaintiff may contend here, as he did at General Term, that the contract between the parties was valid, there is no proof of damage to the plaintiff for any breach of it, set up in the complaint.

(*Spalding* v. *Rosa*, 71 N. Y. 44; *Johnson* v. *Hartshorn*, 52
id. 176; *People* v. *G. M. L. Ins. Co.*, 91 id. 180; *L. I. F. Co.*
v. *Farrell*, 48 id. 427.) Plaintiff has been permitted to recover,
upon a cause of action not set up in the complaint against
the repeated objection of the defendant, and in plain disregard
of the "well settled rule, that no judgment can be given in
favor of a plaintiff on grounds not stated in his complaint,
nor relief granted for matters not charged, although they may
be apparent from some part of the pleadings or evidence.
(*Truesdell* v. *Sarles*, 104 N. Y. 167; *Wright* v. *Delafield*, 25
id. 266; *Southwick* v. *F. N. Bank*, 84 id. 420; *Neudecker* v.
*Kohlberg*, 81 id. 296; *Day* v. *Town of New Lots*, 107 id.
148; *Romeyn* v. *Sickles*, 108 id. 650; *Volkening* v. *De Graaf*,
81 id. 268; Code Civ. Pro. § 541; *Button* v. *S. S. T. Line*,
40 Hun, 422; *Barnes* v. *Quigley*, 59 N. Y. 265; *Baldwin* v.
*Palmer*, 10 id. 232.) There is no proof that the plaintiff con-
tributed anything to the tannery enterprise, except the value
of his services, the specific amount named for money and
materials furnished, and the sum paid towards the site, for
which items he was fully allowed. He contributed nothing
through the "verbal option" for bark. (*Erben* v. *Lorillard*,
19 N. Y. 299.) Assuming that the "verbal option" had any
value in plaintiff's hands, he could not recover here for his
bargain with Griffin, or for any profit which he might have
made under it, or for the actual value of the growing bark.
(*Erben* v. *Lorillard*, 19 N. Y. 299, 302, 304; *Ewing* v. *Thomp-
son*, 66 Penn. St. 484; *Howe* v. *Walker*, 4 Gray, 318.)
The bark contract is conceded to have been within the Statute
of Frauds. It cannot, therefore, be enforced, directly or indi-
rectly. It is admitted that Reed had no legal interest in it,
either by part performance, or part payment. His sole claim
is, that he requested and procured the sale to McConnell and
Gardner. To permit him to recover for the alleged value of
the bark, would be to enforce indirectly, the "verbal option,"
and "repeal the statute." (*Levy* v. *Brush*, 45 N. Y. 589;
*Dung* v. *Parker*, 52 id. 494; *Baltzen* v. *Nicholay*, 53 id.
467; *Harris* v. *Harris*, 70 Penn. St. 174; *Carrington* v.

*Roots*, 2 M. & W. 248; *Scorell* v. *Boxall*, 1 Y. & J. 396; *Thompson* v. *Poor*, 57 Hun, 286.) The order of the General Term should be affirmed, and judgment absolute ordered against the plaintiff, upon his stipulation with such judgment upon the remittitur, in favor of the defendant as the facts alleged in his answer by way of counter-claim, show him entitled to. (*Hiscock* v. *Harris*, 80 N. Y. 402, 406, 407; *People* v. *Dennison*, 84 id. 272.)

ANDREWS, J. This is an appeal from an order of the General Term, reversing a judgment for the plaintiff, entered upon a decision of the court on trial without a jury, and granting a new trial. It not appearing that the order of reversal was upon the facts, it is conclusively presumed that the reversal was upon the law, and the order must be sustained if it appears that any material error of law, pointed out by proper exception, was committed on the trial against the party against whom the judgment was rendered. The court on the appeal from the order will scan the whole record, and all exceptions taken on the trial by the party obtaining the order of reversal are before the court for consideration. The court is not confined to the examination of the exceptions upon which the General Term granted the order. If upon any ground the order is justified, it may stand, even although we may disagree with the General Term as to the particular ground upon which it proceeded. The whole record is before us and all the exceptions, and the respondent may challenge every ruling of law against him contained in the record, and the court must find that no error was committed to his prejudice in any ruling to which exception was taken, before it can reverse the order granting a new trial. (*People ex rel.* v. *Board of Supervisors*, 70 N. Y. 228; *Mackay* v. *Lewis*, 73 id. 382; *Roberts* v. *Baumgarten*, 126 id. 341.)

There is an insuperable difficulty in the way of the plaintiff on this appeal. He has been permitted to recover upon a cause of action not alleged in the complaint. He sought in his pleading to recover damages for the breach of an alleged

contract. He failed to establish that any valid contract was made, for the reason that the contract proved was void by the Statute of Frauds. It is substantially admitted by the plaintiff that the contract sued upon is within the statute, but it is contended on his behalf that the defendants having on the trial insisted upon the statute as a bar to the enforcement of the contract, the plaintiff was entitled to recover in this action the value of any property received thereunder by the defendants from the plaintiff. The defendants, on the trial contended that this was a new and different cause of action, not within the pleadings, and inconsistent with the cause of action alleged in the complaint. The plaintiff. made no application for amendment. The trial judge overruled the contention of the defendants and awarded to the plaintiff, among other things, the sum of $12,500, as the value of a bark contract, which the court found was a contribution of the plaintiff to the tannery enterprise, which was the subject of the void contract.

For a proper understanding of the question some of the essential facts should be stated. The complaint contained two causes of action. The *first* was for work, labor and services, and money paid and materials furnished by the plaintiff in building a tannery on premises of the defendants. The complaint, for a second cause of action, alleged that the work, labor and services, and the money and materials mentioned in the first cause of action, were rendered and furnished " under an agreement with the defendants that they would take the plaintiff as an equal partner with the defendants in the tannery business to be carried on at the said tannery; that after the completion of said tannery by the plaintiff the defendants refused to take the plaintiff in as said partner, although often requested so to do, by means whereof the plaintiff has been damaged in the sum of fifteen thousand dollars, wherefore the plaintiff demands judgment," etc. This was plainly a cause of action for damages for the breach by the defendants of the contract to admit the plaintiff as a partner in the tannery business. The nature of the alleged contract, whether verbal or written, was not alleged in the complaint. The answer denied

the contract alleged and interposed several defenses and counter-claims. On the trial the plaintiff, in support of the second cause of action, gave evidence tending to show that in March, 1877, the plaintiff solicited the defendants to build a tannery on premises for which he had a contract of purchase. The plaintiff at the same time held a verbal option from one Griffin to purchase from the latter 50,000 cords of bark from his lands in the vicinity for the price of fifty cents a cord. It was thereupon verbally agreed between the plaintiff and defendants that the defendants should furnish the plaintiff the money necessary to complete the purchase, of the tannery site and erect the tannery. The plaintiff was to cause the proposed site to be conveyed to the defendants and to give the defendants the benefit of his verbal option from Griffin for the purchase of the 50,000 cords of bark and procure Griffin to enter into a contract with them for the sale of the bark on the terms of the verbal option. The plaintiff was to superintend the building of the tannery and when completed was to conduct the tannery business therein for the defendants and was to receive as his compensation $1,000 a year and one-third of the net profits. The tannery site was conveyed to the defendants; the plaintiff procured Griffin to enter into a contract with the defendants to sell to them the 50,000 cords of bark at the price of fifty cents a cord. The tannery was built and the plaintiff conducted the business therein until October, 1878, when, as is found by the trial judge, the defendants in violation of their contract and without cause discharged him and refused further to carry out their contract with him. The evidence shows that it was contemplated that this arrangement between the parties was to continue twelve years, that being the period which would, as supposed, be required to exhaust the bark purchased of Griffin.

The plaintiff, as part of his case, was permitted, against the objection of the defendants that the evidence was incompetent and immaterial, to show the value of the bark contract. On the assumption that the contract between the plaintiff and the defendants was valid, the evidence was competent. The

contract had been wrongfully broken by the defendants.
By the contract the plaintiff was to share in the profits of
the business. The fact that the defendants had a favorable
contract for the supply of the tannery with bark might prop-
erly be considered in determining what the profits of the busi-
ness would have been and the loss sustained by the plaintiff
from the breach of the contract of employment. When this
evidence was introduced no question had been specifically
raised as to the validity of the contract under the Statute of
Frauds, either in the pleadings or on the trial. But at the
conclusion of the plaintiff's evidence the defendants moved to
dismiss the complaint as to the second count, on the ground
that the contract proved was void under the statute, and also
to strike out all the evidence as to the bark contract as immate-
rial. The motions were denied and exceptions were duly taken.
Upon the conclusion of the evidence the plaintiff's counsel
insisted that " the contract being void by the Statute of Frauds
the plaintiff is entitled to recover the value of his contribu-
tion to the tannery enterprise " and among other items the value
of the bark contract. This claim was resisted by the counsel
for the defendants on the ground that the plaintiff having
failed to establish the cause of action on the contract, was not
entitled to recover on the theory that the contract being void,
the defendants were liable for the value of property con-
tributed by the plaintiff thereunder. The trial judge over-
ruled the contention of the defendants and awarded judgment
for the plaintiff, which included the sum of $12,500, the value
as found of the bark contract.

This recovery was in violation of the rule that no judgment
can be sustained in favor of a plaintiff on a cause of action
not alleged in the complaint, unless the defendant, by his
silence or conduct, acquiesced in the trial of the new and dif-
ferent cause of action, upon which the judgment proceeded.

The tendency of modern legislation justly favors a liberal
construction of pleadings in the interest of substantial justice.
The Code requires that the allegations of a pleading shall be
liberally construed to promote this object. (Code, § 519.) The

courts, adopting the new spirit, no longer apply the technical and artificial rules which formerly prevailed, whereby the rights of parties were often subordinated to the mere form in which they were asserted. But the rule that a party coming into court asserting one cause of action cannot recover on another and different one, is unchanged. It is essential to the orderly administration of justice and the protection of the rights of litigants. Lawyers could never safely advise their clients, and parties would frequently be.misled if any other rule was admitted. Where a cause of action is imperfectly stated, or on the trial a variance is disclosed between the pleadings and the proof, not affecting the essential nature of the claim asserted, the court has ample power to grant relief without turning a party out of court. But where the allegation of the complaint is unproved, not in some particular or particulars only, but in its entire scope and meaning, it is not a case of variance, but a failure of proof, and no judgment can be rendered in favor of the plaintiff upon the pleading as it stands. This is the statute rule and was the rule of the courts before the statute. The authorities upon these general propositions are numerous. We refer to some recent ones only. (*Southwick* v. *First Nat. Bank*, 84 N. Y. 420 ; *Truesdell* v. *Sarles*, 104 id. 167.)

Testing the present case by these rules, it is clear that the judgment rendered for the plaintiff for the value of the bark contract was erroneous. The plaintiff alleged a contract in his second count, and its breach, and demanded damages in the sum of $15,000. It turned out on the trial that he had no contract and, therefore, that the defendants could not have broken any contract with the plaintiff. The cause of action alleged was not only not made out, but was affirmatively disproved. There was no basis for any recovery by the plaintiff on his second cause of action. The cause of action should have, therefore, been dismissed. But he was allowed to recover, notwithstanding his failure to prove the contract he alleged, because, in acting under the void contract, he had, pursuant to its terms, transferred certain property to the

defendants, and it is claimed that the defendants, having insisted that the contract was void under the statute, they were bound to restore to the plaintiff any property, or the value of any property, they had acquired from and through him in pursuance of the contract and before its repudiation. The general principle that a party to a void contract cannot repudiate it and retain what he has received from the other under it, is well settled. (*Day* v. *N. Y. C. R. R.*, 51 N. Y. 583, and cases cited.) The law in such case will raise an implied assumpit in favor of the other party to accomplish justice and prevent fraud. But a cause of action founded on a contract to recover damages for its breach, and a cause of action to recover the value of property received thereon by the party who afterwards repudiates it as void by the Statute of Frauds, are fundamentally different. The claim that there was no valid contract, and that, therefore, there is a right of action for the value of property received under it, is totally inconsistent with a claim to enforce the contract and to recover upon it. It is quite immaterial that the value of the bark contract may have been a material fact in support of the cause of action alleged, or that it supplied a basis for recovery in an action brought upon the theory that the contract was void. This action was not brought upon that theory, and because facts are developed in the trial of one cause of action which suggest a right of recovery in an action for a different cause, this does not authorize the substitution of the latter cause for the one alleged. The argument urged by the appellant that the defendants waived their rights by not objecting specifically to the evidence of the value of the bark contract when it was first offered on the ground of the statute, is not, we think, tenable. They objected generally that the evidence was incompetent and immaterial. When the plaintiff rested they took the point that the contract proved was void by the statute. The plaintiff had ample notice of the ground taken. He applied for no amendment of the complaint, but, on the contrary, insisted that he was entitled to recover the value of the bark contract under the pleadings as they stood.

We are also of opinion that there was error in computing the amount of the money judgment awarded to the plaintiff under the first count of the complaint. But without going into this matter in detail, and without considering the question upon which the General Term proceeded, we think the order should be affirmed for the reason that the plaintiff failed to establish the second cause of action stated in the complaint, and that a recovery of the value of the bark contract (if recoverable at all) could not be had in this action.

The order should be affirmed and judgment absolute directed for the defendants on the stipulation.

All concur.

Judgment affirmed.