MARY HENNING, Respondent, v. LIBBIE MILLER, as Executrix of CATHARINE BARBARA NESTEL, Deceased, Appellant.

*Evidence of an oral agreement that land conveyed should revert to the grantor is not rendered competent by the claim that such agreement formed the consideration for the deed.*

Evidence of an oral agreement on the part of a person, since deceased, that, in consideration of a conveyance to her in fee of certain land which was subject to her dower right, the property should revert to the grantors at her death, is incompetent as being in violation of the rule which excludes evidence of an oral agreement in contradiction of a written instrument, and of that provision of the statute of frauds which declares that no estate or interest in lands shall be created or assigned unless by a deed or conveyance in writing.

The character of the consideration for an agreement is not a test either of its admissibility in evidence or of its competency to create or convey an estate or interest in lands.

APPEAL by the defendant, Libbie Miller, as executrix of Catharine Barbara Nestel, deceased, from a judgment of the Supreme Court, entered on the report of a referee in favor of the plaintiff in the Erie county clerk's office July 13, 1892; and, also, from an order of the Erie Special Term, entered in the Erie county clerk's office July 8, 1892, denying her motion to set aside the report of a referee, and for a new trial, on a case and exceptions, in the case of a reference under the statute of a disputed claim against her testatrix's estate.

*H. S. Heath*, for the appellant.

*C. W. Sickmon*, for the respondent.

DWIGHT, P. J.:

In the lifetime of the defendant's testatrix, Catherine Barbara Nestel, the plaintiff united with her two sisters in a quit-claim deed to their mother (the testatrix) of all their and each of their right, title and interest in and to a piece of land of six acres, in the town of Hamburg, for a consideration expressed in the deed. The three grantors were the owners of the land in fee simple, subject only to the dower right of their mother, the grantee. Since the death of the latter the plaintiff has preferred a claim against her estate for the value of an undivided one-third of the land so conveyed, alleging as the ground of such claim an oral agreement on the part of the

deceased, in consideration of their conveyance, that the property should all come back to the three heirs in equal shares if she should die.

The claim, being disputed, was referred under the statute. On the trial evidence was received of the alleged oral agreement under the objection of the defendant, and the referee reported in favor of the claim.

We think the defendant's exceptions to the admission of the evidence objected to and to the findings of the referee were well taken, and furnished incontrovertible ground for the defendant's motion to set aside the report.

The admission of the testimony was in violation of the elementary rule of evidence which excludes evidence of an oral agreement in contradition of a written instrument — in this case a deed under seal; and the finding was in equal violation of that provision of the statute of frauds which declares that no estate or interest in lands shall be created or assigned unless by a deed or conveyance in writing.

In this case, if the effect of the oral agreement upon the deed executed by the plaintiff be considered, it is manifest that it cuts down an estate in fee to an estate for life merely. And the finding gives effect to an alleged agreement to create or assign an estate or interest in remainder, in lands, without a deed or conveyance in writing, but by an oral agreement only.

The suggestion is that the oral agreement sought to be enforced was the consideration of the deed executed by the plaintiff. But this suggestion is without force upon the question here involved. Every agreement, whether oral or written, unless *nudum pactum*, is made upon some consideration, and the character of the consideration is not a test either of its admissibility in evidence or of its competency to create or convey an estate or interest in lands.

Neither the ancient rule of evidence nor the ancient statute have been abrogated by recent decisions of the courts. (See *Woodard* v. *Foster*, 45 N. Y. St. Rep., 77; *Hutchins* v. *Hutchins*, 98 N. Y., 56, and the cases cited in both.)

The order appealed from must be reversed.

MACOMBER and LEWIS, JJ., concurred.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the final award of costs.