83h 403
54ad 18

MARY HENNING, Respondent, *v.* LIBBIE MILLER, as Executrix, etc., of CATHARINE BARBARA NESTEL, Deceased, Appellant.

*Verbal promise of a grantee to pay, by a provision in her will, for real estate conveyed to her — remedy of the grantor — trial of disputed claims against estates — costs therein.*

Where a grantee named in a deed verbally agrees to pay in the future, by a devise and bequest in her will, a specified consideration for the premises conveyed to her thereby, and fails to do so, the agreement is void and will not support an action founded thereon, but the grantor may recover of the grantee the value of the property conveyed.

The action in such a case does not rest upon the contract, except as there arises an implied contract to pay the value of that which the party sought to be charged received, upon the faith of his repudiated void promise, from the grantor.

By reason of the amendment to section 2718 of the Code of Civil Procedure by chapter 686 of the Laws of 1893, the reference of a disputed claim against an estate is an action, and must be treated as such, and the right of the claimant to recover costs therein is dependent upon the provisions of section 1836 of the Code of Civil Procedure.

APPEAL by the defendant, Libbie Miller, as executrix, etc., of Catharine Barbara Nestel, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 9th day of April, 1894, upon the report of a referee, and also from an order of the Supreme Court, made at the Erie Special Term and entered in the said clerk's office on the 9th day of April, 1894, directing that the plaintiff recover against the defendant her costs in the action.

*Philip A. Laing,* for the appellant.

*C. W. Sickmon,* for the respondent.

BRADLEY, J.:

The trial was of a disputed claim made by the plaintiff against the estate of the defendant's testatrix. The referee found that the plaintiff being the owner of an undivided one-third part of certain lands, entered into an agreement with the defendant's testatrix whereby it was verbally agreed between them that in consideration of a conveyance by the plaintiff to her of her interest in such lands the defendant's testatrix would devise and bequeath an equal undivided one-third part of all the estate, real and personal, of which she should die seized and possessed to the plaintiff; that the plaintiff, in performance of the agreement, made such conveyance by deed in which the consideration expressed was $1,100, and that the value of the plaintiff's interest in the premises was then $366.66; that nothing has been paid to her on account of the conveyance, and that the testatrix, by her will, devised and bequeathed to Libbie Miller all her estate, real and personal, except $100 conditionally bequeathed to the plaintiff, and that at the time of her death she owned real estate valued at $500 and personal property of the value of $1,000. And, as conclusion of law, the referee determined that the plaintiff was entitled to recover $366.66, with costs and disbursements, and that if she receive the $100 legacy it be applied as payment upon the judgment.

There is no serious controversy about any of the facts so found by the referee, except the fact of the agreement between the plaintiff and the defendant's testatrix, and there is evidence tending to support that fact.

On the review of a former trial (66 Hun, 588) the parol agreement was treated as one for the reversion to the plaintiff of the real estate conveyed to the grantee on the death of the latter, and the court held that the agreement, being within the Statute of Frauds, was void, and, therefore, ineffectual to cut down the estate which the deed purported to convey to a lesser estate. The evidence upon the trial, now the subject of review, tended to prove that the agreement of the grantee was to pay the consideration for the conveyance in the manner as found by the referee, and that the conveyance was made to her by the plaintiff pursuant to such an agreement. In that view, as she failed to make payment in that manner, the plaintiff is not without remedy, although the agreement is void. While for that reason it will not support the action founded upon it, the plaintiff may recover the value of the property conveyed. (*Robinson* v. *Raynor*, 28 N. Y. 494; *Day* v. *N. Y. C. R. R. Co.*, 51 id. 583; *Reed* v. *McConnell*, 133 id. 425, 435; 62 Hun, 153; *Quackinbush* v. *Ehle*, 5 Barb. 469; *Lisk* v. *Sherman*, 25 id. 433; *Rosepaugh* v. *Vredenburgh*, 16 Hun, 60; *Bonesteel* v. *Van Etten*, 20 id. 468.)

The action in such case does not rest upon contract other than that implied to pay the value of that which the party sought to be charged, or he whom he represents, has received, upon the faith of his repudiated void promise, from the claimant when it can be done without the support of such agreement. None of the cases cited by the defendant's counsel hold to the contrary of that proposition.

In *Morse* v. *Inhabitants of Wellesley* (156 Mass. 95; 30 N. E. Rep. 77), the oral promise of the grantee of certain premises conveyed by the plaintiff, to grant back to the latter certain privileges in them, was held ineffectual to support an action. As no such reservation was contained in the deed or by any written contract, the promise sought to be enforced was within the Statute of Frauds, and was not available to qualify the estate which the deed by its terms purported to convey.

In the present case the conveyance of the entire estate of the plaintiff to the defendant's testatrix is not questioned.

The plaintiff seeks her remedy as a creditor of the estate represented by the defendant as such executrix.

It is suggested on the part of the defendant' that the change in the state of facts from those on the first trial permitted by the evidence on the last trial is inapplicable to the plaintiff's disputed claim as presented to the defendant and upon which this action is founded. If that were so a serious difficulty would have been encountered by the plaintiff. (*Eldred* v. *Eames,* 115 N. Y. 401.) But such is not the fact. The claim as made and rejected by the executrix was that of an indebtedness of the estate of her testatrix for an undivided third part of the real estate conveyed by the plaintiff to her. This is the claim to which the evidence was directed on the trial. The referee certified that the plaintiff's demand was duly and in due time presented, was wholly rejected and the payment of the demand unnecessarily resisted by the defendant, and that the plaintiff was entitled to costs.

Thereupon, after hearing the parties, the court ordered that the plaintiff recover her costs and disbursements against the defendant.

It is now insisted that costs were improperly allowed to the plaintiff. By reason of the amendment to section 2718 of the Code of Civil Procedure, made by chapter 686 of the Laws of 1893, and which had taken effect at the time of the reference to the referee who made the report in question, this became an action and must be treated as such. (*Adams* v. *Olin,* 78 Hun, 309; 29 N. Y. Supp. 131; 60 N. Y. St. Repr. 695.)

The right of the plaintiff to recover costs was, therefore, dependent upon the statute. (Code Civ. Proc. § 1836.) The action was brought within the provisions of that section by the certificate of the referee. Nothing appears in the record to justify the conclusion that the referee's certificate was not permitted by the facts disclosed at the trial. *Ely* v. *Taylor,* 42 Hun, 205; *Field* v. *Field,* 77 N. Y. 294; *Carter* v. *Beckwith,* 104 id. 236; *Matson* v. *Abbey,* 141 id. 179.)

In the special proceeding of *Vaughn* v. *Strong* (66 Hun, 278) the facts upon which the court held that the claim was not unnecessarily resisted were mainly presented by the uncontroverted affidavit of the defendant.

In the present case nothing essentially bearing upon the question of costs appears outside of the evidence taken at the trial.

The judgment and order should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment and order appealed from affirmed.