## CROWE et al. v. BAUMANN.

(District Court, N. D. New York. June 3, 1912.)

FRAUDS. STATUTE OF (§ 128*)—OPERATION AND EFFECT—INVALID AGREEMENT AS CONSIDERATION FOR CONVEYANCE.

Under Laws N. Y. 1909, c. 52 (Consol. Laws 1909, c. 50) § 242, which provides that an estate or interest in real property other than a lease for a term not exceeding one year cannot be created or assigned unless by deed or conveyance in writing, a parol agreement that, in part consideration of an assignment by lessees of a lease for a term of years, they shall have the right to occupy the premises to the end of the term by paying an additional rental to the assignee, is not enforceable, being not only within the statute but in contradiction of the assignment, but that does not prevent the assignors from showing the true consideration for the assignment, and, if the assignee in the exercise of his legal right has taken possession of the property in violation of the agreement, he may be compelled to make good such consideration by paying the difference, if any, between the stipulated rental and the actual rental value for the remainder of the term.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 83, 278; Dec. Dig. § 128.*]

At Law. Action by George J. H. Crowe, as trustee of the estates of Pappas & Karahall, a copartnership, and Nicholas Pappas and Peter Karahall, individuals, bankrupts, against Frederick H. Baumann. On demurrer to second amended complaint. Demurrer overruled.

See, also, 190 Fed. 399.

H. J. Hennessey, of Binghamton, N. Y., for plaintiffs.
Olmsted & Ashley, of Binghamton, N. Y., for defendant.

RAY, District Judge. About January 4, 1906, one McNamara leased to Pappas and Karahall by a written lease certain valuable premises in the city of Binghamton, Broome county, N. Y., and Pappas & Karahall entered into the possession thereof under such lease. This lease expires December 31, 1920, and the annual rental value is now much greater per annum than that expressed in the lease

and agreed to be paid. On or about July 2, 1909, Pappas & Karahall, by an instrument in writing, sold and assigned the lease to the defendant in this action, Frederick J. Baumann. The assignment recites that the assignment is "for and in consideration of the sum of twenty-seven hundred dollars ($2700.) to them in hand paid by Frederick J. Baumann and receipt whereof is hereby acknowledged." Baumann did not go into the possession of the premises covered by the lease, but Pappas & Karahall remained in the possession thereof until January 20, 1910, when Baumann took possession of the premises against the will of Pappas & Karahall, and without their consent and without any legal process or proceedings whatever. After the assignment of the lease and down to the time that Baumann took possession, Pappas & Karahall paid to the lessor, said McNamara, the monthly rent called for by the lease, amounting to $950. January 20, 1910, Pappas & Karahall filed their voluntary petition in bankruptcy, and they were adjudicated bankrupts accordingly, both as a firm and as individuals. February 3, 1910, the plaintiff was duly appointed trustee in bankruptcy of the said Pappas & Karahall, and he duly qualified as such. April 1, 1910, the plaintiff, as trustee, tendered to Baumann the sum of $225, rent of said premises for the month of January, 1910, and demanded possession of the premises, and offered to pay the said sum of $225 rent thereafter during the existence of the lease hereinbefore mentioned; that is, down to December 31, 1920.

At the time of the assignment of the said lease by Pappas & Karahall to Baumann, it was agreed verbally as a part of the consideration that, in addition to the said $2,700, Pappas & Karahall would pay the owner of the premises the monthly rent up to January 1, 1910, and that, after that date, they would pay to Baumann the monthly rent of $225 per month for the use and occupation of said premises during the continuance of the lease. The complaint alleges that it was a part of the consideration of the assignment of said lease to Baumann that Pappas & Karahall should remain in the possession of the premises during the continuance of the lease, and that they should pay the monthly rent called for by the lease to the lessor down to January 1, 1910, and that thereafter they should pay to Baumann the monthly rent of $225. The monthly rent called for by the lease is $158.33 for the first ten years and for the last five years $166.67. The complaint alleges that this part of the consideration of the assignment was not expressed in the assignment itself, but that the agreement was made and was in fact a consideration for the assignment in addition to that expressed in the instrument. The complaint alleges that Pappas & Karahall down to the time of their bankruptcy in all things performed the agreement which was a part of the consideration by paying the rent to the owner down to January 1st, as stated, and that Baumann accepted the conditions, and recognized the agreement by allowing them to pay the rent as aforesaid. The complaint further alleges that, on account of their location and availability, the rental value of said premises is at least the sum of $291.66 per month, and that during the term the value

of the use and occupation of said premises over and above the rent to be paid under the agreement aforesaid $225 per month will be and is at least the said sum of $7,500. The plaintiff, as trustee, seeks to recover the value of the consideration agreed to be paid, to wit, the value of the use and occupation of said premises during the term over and above that which Pappas & Karahall were to pay.

The contention of the plaintiff is that Baumann having accepted and received the assignment of the lease in consideration of his agreement that Pappas & Karahall should have the occupation and possession during the entire term on payment of the rent called for by the lease up to January 1, 1910, and thereafter on payment of the sum of $225 per month, and having broken his agreement and deprived Pappas & Karahall and the plaintiff, their trustee in bankruptcy, of the possession of the premises, that Baumann is liable to pay the value of the use and occupation which he agreed to allow Pappas & Karahall to have as a consideration for the assignment.

Chapter 50 of the Consolidated Laws, being chapter 52 of Laws of 1909, § 242, of Real Property Law provides:

"An estate or interest in real property other than a lease for a term not exceeding one year, or any trust or power over or concerning real property, or in any manner relating thereto, cannot be created, granted, assigned, surrendered or declared, unless by act or operation of law, or by a deed or conveyance in writing, subscribed by the person creating, granting, assigning, surrendering or declaring the same, or by his lawful agent thereunto authorized by writing."

It was not illegal to make the agreement set out in the answer, but it had no binding force or effect in the sense that it could be enforced. It neither conveyed nor reserved any interest in the real estate for a longer period than one year, if for that. In an appropriate proceeding Pappas & Karahall could have been removed from the premises, and they could not have been in such a proceeding permitted to prove the agreement set forth. It would have been not only inconsistent with the absolute assignment of the lease for the full term, but in contradiction of the terms thereof. The estate granted to Pappas & Karahall and by them conveyed to Baumann, to wit, the use and occupation on paying the rent specified, could not be cut down to the right to the mere receipt of a rent greater than that specified in the lease by a mere verbal agreement. Woodard v. Foster, 64 Hun, 147, 18 N. Y. Supp. 827; Hutchins v. Hutchins, 98 N. Y. 56, 65. There are other cases to the same effect, but it seems to me that the terms of the statute quoted are determinative of the question. However, this does not go to the extent of saying that if A. sells his farm to B. by a full covenant warranty deed which expresses a consideration of $10,000, a mortgage thereon of $5,000 being assumed as part payment of the consideration expressed, and the deed recites an acknowledgment of full payment of the balance of the consideration, that B., remaining in possession and doing all he has agreed to do, may not, if dispossessed, sue A. and recover the value of the use and occupation of the farm for 10 years, provided he proves that the consideration for the conveyance of such

farm was the assumption by A. of the mortgage and the use and occupation of the farm by B. for 10 years on his paying the interest on such mortgage for such time as it came due. If A. sells and delivers a quantity of merchandise to B. of the agreed value of $1,000, and it is verbally agreed that A. is to pay B. therefor by giving him the use and occupation for five years of a certain house owned by A. and B. goes into possession, and is thereafter dispossessed by A., can it be that B. is without remedy? Must B. lose the value of his goods? The value of that which A. agreed to pay is $1,000, but B. cannot enforce the payment in the specific manner it was agreed to be paid, as the statute pronounces that part of the agreement unenforceable, not because it is an immoral or a corrupt or fraudulent consideration or agreement, but one which conveys no interest or right in the premises. It seems to me baldly unjust and unconscionable in such cases to say that the vendor, because ignorant of the statute, must lose his property. There is no fraud practiced in inducing the agreement, and no mistake of fact but one of law. A. does what he has a legal right to do when he dispossesses B. by legal proceedings as the lease for a term of years could not be made because of the statute.

The true consideration for the assignment of this lease made by Pappas & Karahall to Baumann may be inquired into even if the recitals in the assignment are in effect contradicted thereby. Mills v. Dow, 133 U. S. 423, 431, 10 Sup. Ct. 413, 33 L. Ed. 717; Simmons Creek Coal Co. v. Doran, 142 U. S. 417, 437, 12 Sup. Ct. 239, 35 L. Ed. 1063; Hitz v. National Met. Bank, 111 U. S. 722, 727, 4 Sup. Ct. 613, 28 L. Ed. 577.

In Mills v. Dow, supra, it was held:

"Where a contract states that the purchasing price of its subject-matter is $15,000, and that that sum has been 'this day advanced and paid' therefor, it is competent for the vendor, in a suit by him on the contract to show that only $10,000 was paid, with a view to recovering the remaining $5,000. The language of the contract is ambiguous, and does not show actual prior or simultaneous payment. Evidence of a promise by the defendant, as a part of the consideration of the contract, to pay certain debts mentioned in it which the plaintiff owed, is admissible; and the refusal of the defendant to pay those debts on demand was a breach of the contract."

If it be true, as alleged, and conceded by the demurrer, that Baumann agreed as a part of the consideration for the assignment of the lease that Pappas & Karahall should have the use and occupation of the premises for the term on paying certain rents and such use and occupation had and has a value, then the trustee in bankruptcy may recover of Baumann the value of the consideration agreed to be paid or given, he having received the assignment of the lease, the thing conveyed, and gone into possession of the premises. This is the effect of the above-cited cases. In 39 Cyc. 2019, 2020, the general rule (citing cases) is thus stated:

"Where the proposed contract is never actually entered into, as where the parties fail to agree, where the contract is unenforceable, or where the contract is void either for the want of power to make it by either party, or because the manner of contracting is not the mode pointed out by the statute, or for any other legal reason, the party receiving benefits from such attempt-

ed contract will be required, in a proper action therefor, to account to the party from whom such benefits have been received, including, of course, the purchase money paid as a part of the purchase price, although mala fides on the part of the intending purchaser with full knowledge of all the facts may defeat his recovery."

In Cooley v. Lobdell, 153 N. Y. 596, 601, 47 N. E. 783, Judge Vann, in stating the reason of the rule that payment of the consideration is not sufficient to justify a decree of specific performance when the contract to convey is void because not in writing, says:

"The more generally accepted and on the whole more satisfactory reason, however, is that, as the purchase money can be recovered back in an action and the parties thus restored to their original position, the party paying is not injured, no fraud is perpetrated on him by refusal to convey, and there is no occasion for a resort to equity."

That is, the agreement to convey cannot be enforced because of the statute, but the money paid can be recovered back, and I take it that, if the consideration paid is property and not money, the value of such property may be recovered. Here the agreement to give Pappas & Karahall the use and occupation of the premises cannot be enforced because of the statute, but Baumann, having received the property transferred by them, is not to escape paying the value thereof.

In Henning v. Miller, 83 Hun, 403, 31 N. Y. Supp. 878, certain premises were conveyed on the verbal agreement by the vendee that she would pay therefor by a devise and bequest in her will. The vendee failed to do so. The court held, Bradley, Dwight, Lewis, and Haight all concurring, that, while the agreement was void and would not support an action founded thereon, the grantor might and should recover of the vendee the value of the property conveyed. So here, while the agreement that Pappas & Karahall should have the use and occupation was void and not enforceable because of the statute, I see no reason why Baumann should not pay the value of the lease which he agreed to do. It is not enforcing the agreement, or an attempt so to do, but an action to recover the value of the lease actually assigned and transferred to Baumann, and the value of which they fixed by agreement at the sum of $2,700, plus the use and occupation of the premises on the payment of the rents referred to. Of course, the question will be the value of the lease at the time it was transferred to Baumann, and this will be the measure of damages. In Reed v. McConnell, 133 N. Y. 425, 435, 31 N. E. 22, the court said:

"The general principle that a party to a void contract cannot repudiate it and retain what he has received from the other under it is well settled. Day v. N. Y. C. R. R., 51 N. Y. 583, and cases cited. The law in such case will raise an implied assumpsit in favor of the other party to accomplish justice and prevent fraud."

In the Henning Case, supra, the conveyance was not void, but the agreement as to the payment of the consideration was, and so the vendor was allowed to recover the value of the land conveyed.

Here the transfer or assignment of the lease was not void, but

the agreement as to the payment of a part of the consideration was, and hence the trustee may recover the balance of the value of the lease, and it seems to me that the value of that which Baumann agreed to give will be a proper subject of inquiry.

In 20 Cyc. 299, the rule is thus stated, citing many cases:

"Where property has been transferred in consideration of an oral promise within the statute which the promisor refuses to perform, the law implies a promise on which an action will lie for the value of the property so transferred, or, in equity, the land itself may be recovered."

Demurrer overruled.