SAMUEL E. ROBINSON, Respondent, v. HATTIE E. RODGERS, Appellant.

First Department, March 15, 1918.

**Trust — action to establish — evidence — Statute of Frauds.**

In an action to compel the defendant to execute and deliver to the plaintiff a quitclaim deed of an equal undivided one-half of certain real property, and for an accounting of one-half of the net profits, upon the theory that the plaintiff had contributed one-half of the purchase price, and that the property was held in trust for him, evidence *held* not sufficiently clear and convincing to divest the defendant of his title.

Under section 242 of the Real Property Law, a trust cannot be created orally.

APPEAL by the defendant, Hattie E. Rodgers, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 7th day of May, 1917, upon the decision of the court after a trial at the Bronx Special Term.

· *George Edwin Joseph* of counsel [*Hyman Cohen* with him on the brief; *H. I. & L. Cohen*, attorneys], for the appellant.

*Hamilton R. Squier* of counsel [*P. Van Alstine* with him on the brief], for the respondent.

DAVIS, J.:

This is an appeal from a judgment of the Special Term adjudging plaintiff to be the owner of an undivided one-half of premises 683 East Two Hundred and Thirty-sixth street, and decreeing that defendant Hattie E. Rodgers execute and deliver to plaintiff a quitclaim deed therefor. The complaint alleges that prior to the 17th of November, 1904, Fred A. Rodgers and the plaintiff agreed to purchase the premises in question and erect a building thereon with the understanding that while the title was to be taken in the name of Fred A. Rodgers and his mother, Sarah A. Smith, the latter was to hold the title to one-half of the property in question in trust for the plaintiff. It is also alleged that the plaintiff was to contribute one-half of the purchase price and Fred

A. Rodgers the other half, and each of them thereafter was to bear one-half of the expenses of carrying the property; that in the latter part of October, 1904, plaintiff and Fred A. Rodgers purchased the premises in question and a conveyance thereof was made to said Rodgers and his mother, Sarah A. Smith, who thereafter procured a loan thereon with the knowledge and consent of the plaintiff for $6,000 and erected a dwelling house thereon; that Sarah A. Smith, her daughter and the plaintiff occupied the premises until the death of Sarah A. Smith, and that since then the plaintiff and defendant have occupied the premises; that on November 24, 1905, by agreement between Fred A. Rodgers, Sarah A. Smith and the plaintiff, Rodgers and Mrs. Smith conveyed the premises to the defendant Hattie E. Rodgers, and thereafter the plaintiff demanded of the defendant that she convey to him a one-half interest in the property, but that finally, by agreement between the plaintiff and the defendant and Sarah A. Smith, an undivided one-half of the property was conveyed by the defendant to Sarah A. Smith to be held by her for the plaintiff. It is also alleged that Sarah A. Smith agreed to make a will, devising the said one-half interest in the real property to the plaintiff, and that, accordingly, on August 15, 1907, the defendant conveyed one-half of the said property to Sarah A. Smith, subject to a mortgage of $6,000 then a lien thereon. The complaint then goes on to state that the said Sarah A. Smith died on the 4th of December, 1915, without having made any will, and possessed of the said one-half of the real property in question, and leaving her surviving the defendant, her only heir at law. The defendant has refused to execute a deed to the plaintiff of the undivided one-half, and this action is brought to compel the defendant to execute and deliver to the plaintiff a quitclaim deed of an equal undivided half of the real property in question and for an accounting of one-half of the net profits of the land received by defendant since the death of Sarah A. Smith.

The answer is a general denial, with the affirmative defense that the alleged agreement was within the Statute of Frauds. The learned court has found substantially all the allegations of the complaint to be true, to wit, the agreement between Rodgers and the plaintiff to buy the property and erect a

building thereon; that the title was to be taken in the name of Rodgers and his mother, Sarah A. Smith, and that a one-half interest in the property was to be vested in Sarah A. Smith, to be held by her in trust for the plaintiff; that the plaintiff was to contribute one-half of the purchase price, and that thereafter Fred A. Rodgers and the plaintiff were each to bear one-half of the necessary expenses of carrying the property; that the property was purchased under this agreement in October, 1904, for $1,100, and that the plaintiff, through Sarah A. Smith, paid $600 thereof and Rodgers $500; that after the procuring of the $6,000 loan and the erection of the house, Sarah A. Smith and her daughter, the defendant, and the plaintiff jointly occupied the house until the death of said Sarah A. Smith; that on November 24, 1905, by mutual agreement between Fred A. Rodgers, Sarah A. Smith and the plaintiff, said Rodgers and Smith, for a nominal consideration, conveyed the property to the defendant Hattie E. Rodgers; that thereafter on August 16, 1907, the defendant Hattie E. Rodgers conveyed an equal undivided one-half of said real property to said Sarah A. Smith, subject to the mortgage of $6,000, the said Sarah A. Smith agreeing to make her will devising said one-half interest to the plaintiff. The court further found that the will was not made and that Sarah A. Smith died intestate on the 4th of December, 1915, possessed of the said one-half interest in the real property referred to and leaving her surviving the defendant herein, her only heir at law. The learned court also found that the plaintiff had performed all the conditions of the agreement between himself and Sarah A. Smith and Fred A. Rodgers to be performed by him by paying one-half of the purchase price of the property and one-half of the necessary expenses and charges of carrying the property since the purchase thereof. Upon these findings and others, the court concluded, as matter of law, that the plaintiff was the owner of an undivided one-half interest in the premises described in the complaint, and the judgment directed that the defendant execute and deliver to the plaintiff a quitclaim deed for an equal undivided one-half of the property, and account to the plaintiff for the rents, issues and profits of the property since the death of Sarah A. Smith on December 4, 1915.

The plaintiff's case rests mainly upon the testimony of Philip Van Alstine, the attorney of record for the plaintiff. This witness testified that he first became connected with the matter on August 8, 1907. This was two years after Rodgers and his mother conveyed the property to the defendant. The mother was introduced by plaintiff, who called on him in August, 1907. After conversing with plaintiff, he saw Fred A. Rodgers on August 12, 1907. Mr. Rodgers died prior to the trial. The witness then testified to his conversation with Rodgers. In this way, the witness produces to the court in great detail the alleged agreement between Rodgers and the plaintiff and Mrs. Smith, under which it is claimed the property in question was purchased, including the amount of the purchase money paid by each, the principal point being that the property belonged to Mr. Rodgers and the plaintiff, that Mrs. Smith had no interest in it, that the defendant had no interest in it and that the conveyance to the defendant was made to avoid trouble with the builders; that subsequently the plaintiff objected to the defendant's holding his share; that he wanted it conveyed to him direct, but that he finally agreed that defendant should convey it to Mrs. Smith in trust for the plaintiff. This witness connects the defendant with this transaction by testifying that he told her of the conversation he had with her mother, and further, he proceeds to testify that he told the defendant that the plaintiff wanted the title back in the name of Mrs. Smith and that he drew the deed accordingly and that she executed the deed. The defendant denies that such a conversation was held with her.

The witness then testifies that he further told the defendant of his conversation with her mother, in which she agreed to make a will, devising a one-half interest in the real property to the plaintiff. In short, the plaintiff's case, in which he endeavors to establish his interest in one-half of this property, and to explain the reason why the conveyance was made to Mrs. Smith, is made up mostly of conversations testified to by this witness with Mrs. Smith and her son, Rodgers, both of whom are dead, and of conversations with the defendant, who says she never had such conversations with the witness.

The plaintiff claims that he paid $600 of the consideration for the property, yet he produces no check to show that, but claims that he gave the check to Mrs. Smith and that she paid it for him. He also claims that he paid one-half of the carrying charges, such as taxes, repairs, etc., but he produces no checks to substantiate this claim, while the defendant produces checks showing that Mrs. Smith paid these charges. In explanation the plaintiff states that he gave Mrs. Smith a check for his portion of these charges and that she then paid them with her own check, yet he produces no vouchers to support this claim. It is fair to state, however, that he attempts to explain the absence of vouchers by a suggestion that they were stolen from his trunk when he was absent from the house, and he intimates that they were taken by the defendant. Of this, however, there is no proof.

In short, as against numerous checks showing that Mrs. Smith and Rodgers paid the carrying charges of the house, we have only the statement of the plaintiff that he paid one-half thereof. It would have been a simple matter for him to get a transcript of his account from his bank, showing that he had drawn checks on the dates in question for an amount equal to one-half of the .taxes or other charges, but he made no attempt to support his oral testimony by any documentary evidence of this kind. I, therefore, think that the plaintiff failed to show satisfactorily that he had paid the charges referred to.

On the other hand, the defendant explains why she executed the deed of one-half the property to her mother. She states that her brother was about to be married, and that she was keeping company at the time, and her mother thought that she was going to be married, and that was the reason why her mother wanted her to reconvey the one-half interest to her, and it was for that reason that she made the conveyance to her mother. It seems to me that the plaintiff's case rests upon the most unsubstantial foundation, and that this defendant should not be divested of this title, except upon evidence that is clear and convincing. Furthermore, the plaintiff seeks to recover upon the ground that the conveyance to Mrs. Smith was made in trust for his benefit to be held by Mrs.

Smith until she died, she promising to devise to the plaintiff the one-half interest conveyed to her. Such an interest in real property cannot be created orally. It must be in writing. (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 242; *Henning* v. *Miller*, 66 Hun, 588.) For these reasons this judgment should be reversed, with costs, and the complaint dismissed, with costs. An order may be submitted reversing the findings inconsistent herewith and proposing new findings in support hereof.

CLARKE, P. J., SCOTT, DOWLING and PAGE, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs. Order to be settled on notice.